CLEMENT DOWD et al. v. C. T. WATSON.

*Presumption of Death—Hearsay Evidence—Seven Years.*

1. The presumption of death arises from the absence of a person for seven years without being heard from.

2. It is error to exclude from the jury, in an issue upon the death of a person, evidence of *information* that he was alive, merely because it is *hearsay* testimony.

This was a CIVIL ACTION, tried at the February Term, 1890, of CRAVEN Superior Court, before *Boykin, J.*

The facts are sufficiently stated in opinion.

*Messrs. H. R. Bryan* (by brief) and *W. W. Clark*, for plaintiffs.

*Mr. C. Manly*, for defendant.

CLARK, J.: There was no direct proof of death, and plaintiffs relied upon the presumption of death from absence for more than seven years without being heard from. This is merely a presumption of fact, and may be rebutted. If any one had heard from the party whose death is alleged within seven years, the jury should have been allowed to consider evidence of that fact. "There is no rule of law which confines such intelligence to any particular class of persons. It is not a question of pedigree." *Flinn* v. *Coffin*, 12 Allen. 133; Abb. Tr. Evidence, 76. In *Moore* v. *Parker*, 12 Ired., 123, it was held that a report that a person who had been absent seven years was alive, which report, on investigation, proved to be unfounded, would not rebut the presumption of death. The decision is based not on the ground that the report was incompetent, but that diligent inquiry had been made and showed it to be untrue.

The case on appeal states:

" For the purpose of rebutting the presumption of death of E. M. Andrews, the defendant offered evidence to the

DOWD *v.* WATSON.

effect that E. M. Andrews was a single man; that he had no near relation in Craven County, or in North Carolina, except his aforesaid brother; that, in 1867 or 1868, he joined the United States Army and left the county with his command. Defendant and one ·Israel Simmons became witnesses. Defendant proposed to prove by them 'that the general report among his friends and those who knew him before he left home was that E. M. Andrews was living and in the United States Army.' Defendant also proposed to prove by said Simmons that he had, a short time since, seen and conversed with a man from Texas, and that he was informed by him that E. M. Andrews was alive, in Texas; that he had seen him there a short time before.

"The Court held that there was not sufficient rebutting testimony to be submitted to the jury, and instructed the jury to respond to the issue affirmatively if they believed the evidence.

"The Court excluded the testimony above offered. To such exclusion, and to the instruction of the Court to return a verdict in favor of the plaintiffs, the defendant excepted."

We think the Court erred. The presumption of death arises from the absence of a person for seven years without having been *heard from*. To rebut the presumption, it is not necessary to produce the testimony of persons who have seen him, or to produce letters from him. It is sufficient to produce evidence which shall satisfy the jury that he has been *heard from* within the seven years. Such evidence is usually and almost necessarily "hearsay." It may be that, if the evidence here offered had been admitted, the cross-examination would have shown it to have been mere vague rumor, and if so, unworthy of credit; but if there was such report and intelligence as to the absent man among his friends and former acquaintances, as was offered to be shown, the weight to be given it was for the jury.

Error.