Hillsborough,
. Dec., 1894.

SUPREME COUNCIL, AMERICAN LEGION OF HONOR, *v.* ADAMS *& a.*

If the by-laws of a mutual benefit association permit a certificate holder to control and dispose of the fund at all times, a beneficiary named in the certificate acquires only a contingent interest in the benefit during the lifetime of the member.

If the beneficiary named in the certificate dies during the lifetime of the member, the designation will be treated as lapsed, in the absence of a provision that the representatives of the beneficiary shall be entitled to the benefit.

If a certificate is issued subject to after-enacted laws of the association and the member dies without appointing a new beneficiary in place of one deceased, the benefit will be paid according to the laws of the association then in force, although enacted subsequently to the issuance of the certificate.

BILL OF INTERPLEADER, as to $5,000 paid into court by the plaintiffs upon a benefit certificate issued by them July 1, 1880, to Companion Joseph G. Adams. Facts found by the court. The certificate was issued upon condition " that the statements made by said companion in application for membership . . . be made a part of this contract, and upon condition that the said companion complies in the future with the laws, rules, and regulations now governing the said council and fund, or that may hereafter be enacted by the Supreme Council to govern said council and fund. These conditions being complied with, the Supreme Council of the A. L. H. hereby promises and binds itself to pay out of its benefit fund, to Martha A. Adams (wife), a sum not exceeding five thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said companion, and upon the surrender of this certificate," etc. The application referred to contained the following: " I agree to make payment of all dues and assessments for which I may become liable, and to conform in all respects to the laws, rules, and usages of the order now in force, or which may hereafter be adopted by the same." Martha A. Adams died in 1884, and Joseph G. married the defendant, Alice G. Adams, in 1888. He died in 1892. Five children by the first wife survived him, and are the other defendants.

When the certificate was issued, and thereafterwards until October 31, 1891, a law of the plaintiffs provided that, " in the event of the death of all the beneficiaries selected by the mem-

ber, before the decease of such member, if no other or further disposition thereof be made . . . the benefit shall be paid to the dependent heirs of the deceased member." The children, being " dependent heirs " of Joseph G., claimed the fund by virtue of this law. The widow claims that, at a regular session of the plaintiffs, holden August 25 to September 1, 1891, this law was changed to the following : " In the event of the death of all the beneficiaries selected by the member," etc. (substantially as above), " the benefit shall be paid to the widow. If none, then to the heirs of the deceased member," etc. She claimed the fund under this law.

At the time of the issuance of the certificate, the plaintiffs' constitution contained this provision : " The constitution of this Supreme Council and the laws governing the benefit fund shall not be altered or amended except by a three-fourths vote of the members present at a regular meeting of the Supreme Council, or at a special meeting called for the purpose; and all proposed amendments must be presented in writing, signed by one or more members, and referred to the committee on laws, who shall report thereon as early as practicable, or at the next day's session." By other sections it was provided that " This Council shall meet annually or biennially on the fourth Tuesday in August at 2 o'clock P. M., at such place as may have been selected by a majority of its members present at the previous session " ; and that a committee on laws, consisting of three persons, shall be elected at each regular session, who, among other things, " shall examine and report upon all proposed amendments to the constitution and laws of this Supreme Council, presented at the Supreme Council."

At the regular session of the plaintiffs, holden in August, 1891, in pursuance of the above provision of the constitution, three members of the order, acting as a " committee appointed at the last session to revise and codify the constitution and laws of the order," reported as follows : " We have given attention to the duty imposed upon us, and have devoted much time and attention to the labor required, and have been joined and assisted in our work by your committee on laws. We have drafted an entire revision of the laws of the order. We have prepared our report in print, and submit it herewith." This report was referred to the committee on laws, who immediately made the following report to the meeting : " Your committee on laws, to whom was referred " the above, " report that we have had said report under consideration, and herewith return the same to the Supreme Council, and suggest that the same be considered by the Supreme Council."

The Supreme Council, after considering *seriatim* the laws thus submitted, unanimously adopted the following resolution : " *Re-*

*solved*, that the existing book of laws of this incorporated association, now known as ' Supreme Council Constitution,' ' Laws,' and ' Subordinate Council Constitution ', be and the same are each and all, section by section, hereby repealed and made void from and after sixty days from the last day. of this session of the Supreme Council, and that the report of the committee on revision and codification of the laws, as presented and considered at this session and adopted by sections as a code of ' By-Laws ' for the government of the entire order, be and the same is hereby enacted and adopted as a whole, as the ' By-Laws ' of the Supreme Council, American Legion of Honor, as the supreme law and for the government of the order in all its departments." The law under which the children claimed was one of those purporting to be repealed by this resolution ; and the one under which the widow claimed was one of those purporting to be enacted by it. The sixty days mentioned in the resolution expired October 31, 1891.

*Burnham, Brown & Warren*, for Alice G. Adams.

*John H. Butler* (of Massachusetts) and *David A. Taggart*, for the children of Joseph G. Adams.

WALLACE, J. The question presented is whether the benefit belongs to the children of Joseph G. Adams by his first wife, or to his widow. Although by an ordinary life insurance policy made payable to a person named, the rights of the beneficiary are vested when the policy is issued, and cannot afterwards be changed or avoided by the assured (*City Savings Bank* v. *Whittle*, 63 N. H. 587), yet in the case of a certificate in a benefit society, when the holder has full powers of direction subject to the laws governing the association, and is authorized to designate another beneficiary than the one originally named, as in this case, there is no such fixed and vested interest. All that a beneficiary has during the lifetime of the member to whom the certificate was issued is a contingent interest,— a mere expectancy which gives no vested rights in the expected benefit, as it is wholly dependent on the will of the holder. *Barton* v. *Association*, 63 N. H. 535 ; *Knights* v. *Watson*, 64 N. H. 517. In the case of benefit societies where the right is reserved to the member to control and dispose of the benefit at all times, and the certificate contains no provision giving a right to the beneficiary's representatives to have the benefit, and the beneficiary dies in the lifetime of the member, the contract will be construed as payable to the beneficiary on condition of his surviving the member and the designation will be treated as revoked or as having lapsed upon

the death of the beneficiary, and, the object of the trust having failed, there is a resulting trust in the holder of the certificate. . Bac. Ben. Soc., *ss.* 243-294; *Haskins* v. *Kendall*, 158 Mass. 224. In this case it was plainly the intention of the parties not to give to the representatives of Martha A. Adams any right in this fund. It was made payable to her by name without any words referring to her representatives. Furthermore, the contract was made " in accordance with and under the provisions of the laws governing said fund." At the time the certificate was issued, a law of the association provided that "in the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made, . . . the benefit shall be paid to the dependent heirs of the deceased member," not to the heirs or representatives of the beneficiary. This indicates that it was contemplated by the parties that upon the death of the beneficiary no right should inure to her representatives, but that the fund should go to the representatives of the member to whom the certificate was issued. There having been no vested interest in this fund in the beneficiary, the children have no rights therein as her representatives.

Neither have they any rights to it as his representatives. According to a law of the association in force when the certificate was issued, the children would take an interest in the fund as the heirs of their father. But at the regular session of the association, holden in August, 1891, after the death of the beneficiary and in the lifetime of Joseph G. Adams, the association unanimously voted to repeal its existing laws, including the one that the benefit should be paid to the dependent heirs of a deceased member, and also voted to adopt new laws, among which was the following : " In the event of the death of all the beneficiaries selected by the member, . . . the benefit shall be paid to the widow. If none, then to the heirs of the deceased member."

The constitution provided that all proposed amendments to the laws must be " referred to the committee on laws who shall report thereon as early as practicable, or at the next day's session "; and, in another place, that the committee " shall examine and report upon all proposed amendments to the constitution and laws of the Supreme Council presented at the Supreme Council." It is objected that this change of laws was not legally made because the committee on laws did not examine and report thereon as provided by the constitution. It appears that a committee appointed at the last previous session to revise and codify the constitution and laws of the order reported at this session as follows : " We have given attention to the duty imposed upon us, and have devoted much time and attention to the labor required, and have been

joined and assisted in our work by your committee on laws.
We have drafted an entire revision of the laws of the order.
We have prepared our report in print, and submit it herewith."
It further appears that "This report was referred to the com-
mittee on laws who immediately made the following report to the
meeting: 'Your committee on laws to whom was referred' the
above, 'report that we have had said report under consideration,
and herewith return the same to the Supreme Council, and sug-
gest that the same be considered by the Supreme Council.'"
It thus appears that the committee on laws examined and re-
ported on these changes as required by the constitution, and
that this change in the laws of the association was in other
respects duly made in accordance with the provisions of the
constitution.

Joseph G. Adams agreed in his application "to conform in
all respects to the laws, rules, and usages of the order now in
force, or which may hereafter be adopted by the same." And
the certificate was issued to him, "upon condition that the said
companion complies in the future with the laws, rules, and reg-
ulations now governing the said council and fund, or that may
hereafter be enacted by the Supreme Council to govern said
council and fund." It was therefore expressly stipulated that
the contract should be governed by after-enacted laws, and that
the fund and its destination should be bound by and be subject
to them, with reasonable limitations not applicable to this case.
Parties may contract with reference to laws to be enacted in the
future, and may agree to be bound by them. They may agree,
as in this case, that such laws may enter into and form a part of
their contracts. It must be incident to the nature and purposes
of an association of this character that it should have the power
to change its laws as experience and necessity require, and bind
its members thereby. This power does not give these associa-
tions the right to repudiate their contracts, or lessen their re-
sponsibilities, or defeat vested rights. There was no vested
right outside the member, Adams, and he had expressly con-
tracted that he would be subject to the laws and rules then gov-
erning the council and fund, or that might thereafter be enacted
by the Supreme Council to govern the council and fund. He
knew, or was bound to know, of this change, and with this
power to direct who should receive the benefit, this law de-
prived him of no right, because if he had not desired that his
second wife should have this fund in accordance with the new
law of the association, he could at any moment have directed
otherwise. Such subsequent enactments are binding when the
contract is made in contemplation of them and when they do not
conflict with the law, or the charter, or the articles of association,
and are reasonable. Bac. Ben. Soc., *ss.* 82, 85, 185, 188, 256;

*Fugure* v. *Society*, 46 Vt. 362; *Supreme Commandery* v. *Ainsworth,* 71 Ala. 436. This law is reasouable, is in conformity with law, is not shown to be in conflict with the charter or articles of association, and is consistent with the general purposes of the society. . The contract being controlled by the law as changed, the benefit must be paid to the widow.

*Decree for Alice G. Adams.*

Chase, J., did not sit: the others concurred.