(July 2, 1918.)

LAURA B. GAFFNEY, as Executrix of the Estate of MARGARET SMITH, Deceased, Respondent, v. ROYAL NEIGHBORS OF AMERICA, a Corporation, Appellant.

[174 Pac. 1014.]

LIMITATION OF ACTIONS — DEATH — PRESUMPTION OF FROM SEVEN YEARS' ABSENCE—MUTUAL BENEFICIARY SOCIETIES—BY-LAW—EVIDENCE.

1. In a case where the fact of death is established by the presumption arising from seven years' unexplained absence of a person, a cause of action on a benefit certificate payable upon the death of such person does not accrue until the end of the seven-year period of disappearance.

[As to presumption of death, see notes in 91 Am. Dec. 526, 92 Am. Dec. 704; 46 Am. Rep. 761; 104 Am. St. 198.]

2. The fact of death may be proven by the unexplained absence of a person for seven years without having been heard from by his relatives or close personal friends, but such absence does not give rise to any presumption as to the particular time during the seven years when death occurs. Where the fact of death has been thus established, it is competent to find the date of death from facts and circumstances of such a character as to make it more probable that a person died at a particular time than that he survived. This is true, though the facts and circumstances be insufficient of themselves to establish the fact of death without the aid of the presumption arising from seven years' unexplained absence.

3. A by-law of a fraternal beneficiary insurance society which provides that no lapse of time or absence or disappearance on the part of any member shall entitle his or her beneficiary to recover the amount of his or her benefit certificate without proof of actual death of such member, and also that the disappearance or long-continued absence of any member unheard of shall not be regarded as evidence of death, nor raise the presumption of the death of the member, is void, where the benefit certificate by its terms provides that the same shall be payable upon the death of the member.

4. Where evidence has been received of the absence of a person for seven years, and that he has not been heard from by his relatives or close personal friends during that period, a mere hearsay declaration of a third party, not a witness in the case, that he had seen the person who was supposed to have disappeared, is incompetent, and should not be received in evidence.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Action to recover upon benefit certificate of 'a fraternal beneficiary society. Judgment for plaintiff. *Affirmed.*

James E. Babb, for Appellant.

Members of fraternal beneficiary societies are presumed to know the by-laws and are bound by them. (*Corey v. Sherman* (Iowa), 60 N. W. 232; *Benes v. Supreme Lodge K. & L. of Honor,* 231 Ill. 134, 139, 121 Am. St. 304, 83 N. E. 127, 14 L. R. A., N. S., 540; *Miller v. National Council of K. & L. of Sec.,* 69 Kan. 234, 76 Pac. 830; *Fry v. Charter Oak Life Ins. Co.,* 31 Fed. 197; *Sterling v. Head Camp,* 28 Utah, 505, 80 Pac. 375.)

Unless death is proved the presumption is that life continues. (Greenleaf on Evidence, sec. 41; 19 Am. & Eng. Ency. of Law, 74; *Reedy v. Millizen,* 155 Ill. 636, 40 N. E. 1028; *Whiting v. Nicholl,* 46 Ill. 230, 241, 92 Am. Dec. 248; *Clarke's Exrs. v. Canfield,* 15 N. J. Eq. 119.)

An inference of death is not raised by seven years' absence alone. It must also be made to appear that the absentee has not been heard from by all persons who might be expected to hear from him, and it must be shown also that diligent search and inquiry has been made for him at all places where he might be. (*Modern Woodmen v. Gerdom,* 72 Kan. 391, 7 Ann. Cas. 570, 82 Pac. 1100, 2 L. R. A., N. S., 809; *Hitz v. Ahlgren,* 170 Ill. 60, 48 N. E. 1068; *Metropolitan Life Ins. Co. v. Lyons,* 50 Ind. App. 534, 98 N. E. 824; *New York Life Ins. Co. v. Holck,* 59 Colo. 416, 151 Pac. 916.)

Sec. 33 of appellant's by-laws provides that no presumption of death shall arise until the expiration of insured's period of expectancy, according to the National Fraternal Congress Table of Mortality. This has not expired. The by-law was binding and precludes recovery by appellee. (*Kelly v. Supreme Council,* 46 App. Div. 79, 61 N. Y. Supp. 394; *Porter v. Home Friendly Soc.,* 114 Ga. 937, 41 S. E. 45; *Miller v. National Council,* 69 Kan. 234, 76 Pac. 830; *Mc-*

*Laughlin v. Sovereign Camp W. O. W.,* 97 Neb. 71, Ann. Cas.. 1917A, 79, 149 N. W. 112, L. R. A. 1915B, 756; *Mc-Govern v. Brotherhood of Locomotive Fireman & Engineers,* 85 Ohio St. 460, 98 N. E. 1128; *Tisch v. Protected Home Circle,* 72 Ohio St. 233, 74 N. E. 188.)

A provision in the by-law stating what evidence shall be admissible and sufficient is valid. (*Underwood v. Modern Woodmen,* 141 Iowa, 240, 119 N. W. 610; *Ross v. Modern Brotherhood of America,* 120 Iowa, 692, 95 N. W. 207.)

Where the contract provides the limitation of time within which suit may be instituted, such limitation is binding, and suit must be brought within the limitations therein provided. (*Faulk v. Fraternal Mystic Circle,* 171 N. C. 301, 88 S. E. 431; *Williams v. Western Travelers' Acc. Assn.,* 97 Neb. 352, 149 N. W. 822; *Fitzpatrick v. North American Acc. Ins. Co.,* 18 Cal. App. 264, 123 Pac. 209; *Ulman v. Supreme Commandery,* 220 Mass. 422, 107 N. E. 960; *Arold v. Supreme Conclave I. O. H.,* 123 Md. 675, 91 Atl. 829; *Fey v. I. O. O. F. Mutual Life Ins. Soc.,* 120 Wis. 358, 98 N. W. 206; *Larkin v. Modern Woodmen,* 163 Mich. 670, 127 N. W. 786, 788; *Mooney v. Supreme Council Royal Arcanum,* 243 Pa. St. 463, 90 Atl. 132; *Bates v. German Commercial Accident Co.,* 87 Vt. 128, Ann. Cas. 1916C, 447, 88 Atl. 532, 533:)

There is no evidence before the court in this case that Grace Wiley died at any time, and especially is there no evidence that she died at the time of her disappearance, and it was error for the court to submit to the jury the special finding with reference thereto. (*Apitz v. Supreme Lodge K. & L. of Honor,* 196 Ill. App. 278; *Donovan v. Major,* 253 Ill. 179, 97 N. E. 231.)

Needham & Needham and James E. Gyde, for Respondent.

Plaintiff was entitled to await the termination of the seven-year period which would give rise to the presumption of death before commencing this action; and, this being so, the statute of limitations could not have operated as a bar. (*Linneweber v. Supreme Council Catholic Knights,* 30 Cal. App. 315, 158 Pac. 229.)

The by-laws should never be permitted to place a restriction on the beneficiary when enforcing the rights or claims of insured against the society. (*Kennedy v. The Grand Fraternity,* 36 Mont. 325, 92 Pac. 971, 25 L. R. A., N. S., 78.)

After a continued and unexplained absence of seven years from the home or residence the presumption of death of the absentee arises. (*Davie v. Briggs,* 97 U. S. 628, 24 L. ed. 1086; *In re Harrington's Estate,* 140 Cal. 244, 98 Am. St. 51, 73 Pac. 1000; *Kennedy v. Modern Woodmen,* 243 Ill. 560, 90 N. E. 1084, 28 L. R. A., N. S., 181; *Tisdale v. Connecticut Mut. Life Ins. Co.,* 26 Iowa, 170, 96 Am. Dec. 136; *Miller v. Sovereign Camp Woodmen of World,* 140 Wis. 505, 133 Am. St. 1095, 122 N. W. 1126, 28 L. R. A., N. S., 178; *Renard v. Bennett,* 76 Kan. 848, 14 Ann. Cas. 240, 93 Pac. 261; *Policemen's Benev. Assn. of Chicago v. Ryce,* 213 Ill. 9, 104 Am. St. 190, 72 N. E. 764.)

The date of death was a material finding and the evidence fully sustains the finding and verdict of the jury. (*Benjamin v. District Grand Lodge,* 171 Cal. 260, 152 Pac. 731; *Johnson v. Merithew,* 80 Me. 111, 6 Am. St. 162, 13 Atl. 132; *Turner v. Williams,* 202 Mass. 500, 132 Am. St. 511, 89 N. E. 110, 24 L. R. A., N. S., 1199; *St. Martin v. Hendershott,* 82 Or. 58, 151 Pac. 706, 160 Pac. 373; *McLaughlin v. Sovereign Camp W. O. W.,* 97 Neb. 71, Ann. Cas. 1917A, 79, 149 N. W. 112, L. R. A. 1915B, 756; *Wisconsin Trust Co. v. Wisconsin M. & F. Ins. Co.,* 105 Wis. 464, 81 N. W. 642; *Davie v. Briggs,* 97 U. S. 628, 24 L. ed. 1086; *Whiteley v. Equitable Life Assur. Soc.,* 72 Wis. 170, 39 N. W. 369; *Nepean v. Doe,* 2 Mees. & W. 913, 150 Eng. Reprint, 1029.)

If the evidence warrants a finding that death occurred at an earlier date than seven years, a finding to such effect will stand. (*Tisdale v. Connecticut Mut. Life Ins. Co.,* 26 Iowa, 170, 96 Am. Dec. 136; *Hancock v. American Life Ins. Co.,* 62 Mo. 26; *Lancaster v. Washington Life Ins. Co.,* 62 Mo. 121; *Cox v. Ellsworth,* 18 Neb. 664, 53 Am. Rep. 827, 26 N. W. 460; *Caldwell v. Modern Woodmen,* 89 Kan. 11, 130 Pac. 642.)

The provision in the by-laws which attempts to defeat recovery in such a case as this, and the limitation provision in the certificate, are null and void, and contravene the law of this forum. (*Douville v. Pacific Coast Casualty Co.*, 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Huber v. St. Joseph's Hospital*, 11 Ida. 631, 83 Pac. 768; 1 Bacon on Benefit Societies and Life Insurance, p. 164.)

If a corporation undertakes to make by-laws in contravention of the statute, they are *ultra vires* and of no effect. (*Brower v. Supreme Lodge National Reserve Assn.*, 74 Mo. App. 490; *Magner v. Mutual Life Assn.*, 17 App. Div. 13, 44 N. Y. Supp. 862.)

RICE, J.—This is an action brought by Laura B. Gaffney, executrix of the will of Margaret Smith, deceased, against the Royal Neighbors of America, a fraternal beneficiary insurance society, upon a benefit certificate issued by the society on August 28, 1908, to one Grace Wiley, by the terms of which it was agreed that upon the death of the said Grace Wiley, subject to certain conditions named in the contract, the society would pay to Margaret Smith, in case she survived Grace Wiley, the sum of $2,000. Margaret Smith died July 17, 1909. Dues were paid on the certificate until January 1, 1910, and not thereafter.

It was alleged in the amended complaint, in substance, that on the eighth day of October, 1908, Grace Wiley was residing at Kingston, Shoshone county, Idaho; that while she was residing at Kingston, and on or about the said date, she left her home during the evening to take some person or persons unknown across the Coeur d'Alene river in a small boat; that she failed to return and was never seen again; that her relatives and friends made careful search and inquiry, but have never received any tidings of her or of her existence since that time; that plaintiff, upon information and belief, avers that Grace Wiley is dead.

The action was commenced December 20, 1915. To the complaint a demurrer was interposed, alleging that the cause of action was barred by the statute of limitations, which de-

murrer was overruled by the court, and thereupon defendant answered. After the trial judgment was entered in favor of plaintiff, from which defendant appeals.

There was evidence introduced at the trial tending to prove the following facts: That Grace Wiley lived at Kingston, Idaho, with her children and her mother on the eighth day of October, 1908; that she was in the habit of rowing people across the Coeur d'Alene river in a small boat; that she was last seen in her mother's house about 8 o'clock in the evening of that day; that some unknown person shouted from the river bank, apparently desiring to be rowed across the river; that Grace Wiley said something and left the house; that she did not return and the next morning her boat was found half filled with water a short distance down the stream. It was shown that inquiry and search were made immediately, the river dragged and notices offering a reward for the recovery of her body posted; that the water of the river was so laden with heavy mineral refuse from the mill or mills above Kingston that if she was drowned in the river her body and clothes might be so weighted in a very short time as to prevent it rising to the surface; that snags in the river might hold the body and prevent its discovery; that several persons had been drowned in the river in the vicinity of Kingston, and that some of the bodies were never recovered. No tidings or information of any kind was ever afterward received from or concerning Grace Wiley by those who would be reasonably expected to learn of her fate or concerning her whereabouts. It was shown that she held her mother and children, with whom she lived, in high esteem and affection. It was shown, on the other hand, that certain persons thought they saw her after October 8th, but none would go so far as to say it was she, and it was admitted in every instance that the persons seen might have been someone else. It was also shown that she and her husband lived apart, but that they frequently met and conversed. It was not shown that any serious estrangement existed between herself and her husband.

The action of the trial court in overruling the demurrer to the amended complaint is assigned as error.

Rev. Codes, sec. 4030, is as follows: "Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute."

Sections 4050 and 4052 are as follows:

"Sec. 4050: The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: . . . . .

"Sec. 4052: Within five years: An action upon any contract, obligation, or liability founded upon an instrument in writing."

In the case of *Donovan v. Major*, 253 Ill. 179, 97 N. E. 231, we find the following:

" 'As held by the courts of this country, the doctrine is that a person once found to be alive is presumed to continue to live until there be proof of the contrary. At the end of seven years from the time he was last heard of, the presumption of life ceases and the opposite presumption of death takes its place. The legal presumption, as we understand from the decisions quoted by appellee, establishes, not only the fact of death, but also the time at which the person shall first be accounted dead. This is an arbitrary presumption, but rendered necessary on grounds of public policy, in order that rights depending upon the life or death of persons long absent and unheard of may be settled by some certain rule'— *Whiting v. Nicoll*, [46 Ill. 230, 92 Am. Dec. 248]. The conclusion to be drawn from the record, in accordance with this presumption, is that Will C. Wright is to be regarded as dead on the 15th day of April, 1900, and not before, unless evidence of facts and circumstances appear sufficient to justify the inference that he died at an earlier date."

It cannot be held that a cause of action accrued upon the benefit certificate issued in this case, until under the law the presumption that Grace Wiley was alive gave way to the presumption that she was dead, or, in other words, until the end of the seven year period of her disappearance. This

action was commenced a few months thereafter, and was, therefore, commenced in time. But it is argued that the cause of action accrued at the death of Grace Wiley, and the jury having found, in response to a special interrogatory, that she died on the eighth day of October, 1908, it necessarily follows that the action was barred by the statute above quoted. We do not think this position can be maintained. It required, in addition to the facts and circumstances shown by the evidence, the aid of the presumption arising from her seven years' absence to give rise to the presumption of death. Having thus established the fact of death, it was competent to determine at what time during the seven years death occurred. The evidence for this purpose, however, need not be direct and positive to establish the date of death at any particular time. Facts and circumstances may be shown in evidence of such a character as to make it more probable that a person died at a particular time than that he survived. The facts and circumstances shown in evidence may be sufficient to warrant a finding as to the date when death occurred, although they may be insufficient of themselves to establish the fact of death without the aid of the presumption arising from seven years' unexplained absence, but the statute of limitations will not be set in motion until the presumption of death becomes conclusive. (*Linneweber v. Supreme Council of Catholic Knights*, 30 Cal. App. 315, 158 Pac. 229; *Sovereign Camp of W. O. W. v. Robinson* (Tex. Civ.), 187 S. W. 215; *McLaughlin v. Sovereign Camp W. O. W.*, 97 Neb. 71, Ann. Cas. 1917A, 79, 149 N. W. 112, L. R. A. 1915B, 756.)

The provision in the benefit certificate to the effect that no action may be maintained thereon unless brought within one year of the date of death of the insured is in violation of Rev. Codes, sec. 3321, and is void. (*Douville v. Pacific Coast Casualty Co.*, 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506.)

It is also contended that the action cannot be maintained by reason of the provisions contained in a certain by-law of the society, which by-law is as follows:

"No lapse of time or absence or disappearance on the part of any member heretofore or hereafter admitted into the society without proof of the actual death of such member while in good standing in the society, shall entitle his or her beneficiary or beneficiaries to recover the amount of his or her benefit certificate except as hereinafter provided. The disappearance or long continued absence of any member unheard of shall not be regarded as an evidence of death nor raise presumption of death or give any right to recover on any benefit certificate until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality has expired within the life of the benefit certificate in question, and this law shall be in full force and effect, any statutes of any state or country to the contrary notwithstanding. The term 'within the life of the benefit certificate' as used in this section, shall mean that the benefit certificate has not lapsed or been forfeited for any cause, and that all payments or assessments required by the law of the society have been paid."

It is contended that the by-law does more than provide a rule of evidence, that it defines the contingency upon which the defendant will pay. We are unable so to construe this by-law. The certificate provides that the beneficiary shall participate in its benefit fund after the death of the member. Further provisions are to the effect that the certificate shall be null and void in case of death resulting· by certain means, and that the certificate shall be forfeited under certain conditions. The by-law has nothing to do, therefore, with the substance of the contingency upon which the appellant will pay. It merely provides that the beneficiary shall not be entitled to recover the amount of the benefit certificate without proof of "actual death," and provides further that certain evidence shall not be regarded as evidence of death, nor raise the presumption of death, or give a right of action on the benefit certificate unless the full term of the member's expectancy of life has expired. It is an attempt to establish by contract a rule of evidence, and enforce acceptance of the rule upon the courts.

We are at a loss to determine what added force is given to the language by the use of the word "actual" in connection with the word "death." Every death is an actual death, and·there is no such thing as constructive or presumptive death.

No reason is apparent why the court should by construction cause this by-law to express something which it does not say, even though we should conclude that by the expression used the intention was to require direct proof of death. If the by-law should be construed to require direct proof of death by using the phrase "proof of actual death," it, nevertheless, remains an attempt by contract to prescribe a rule of evidence which would be binding upon the courts. The courts should not, at the behest of private parties, abrogate their function of determining the admissibility and effect of evidence produced at the trial of a cause. (*Sovereign Camp W. O. W. v. Robinson, supra; Supreme Ruling of Fraternal Mystic Circle v. Hoskins* (Tex. Civ.), 171 S. W. 812; *National Union v. Sawyer*, 42 App. D. C. 475; *Samberg v. Knights of M. M.*, 158 Mich. 568, 133 Am. St. 396, 123 N. W. 25; *Utter v. Travelers' Ins. Co.*, 65 Mich. 545, 8 Am. St. 913, 32 N. W. 812.)

The effect of this by-law, as applied to this case, would be to preclude a recovery on the part of the beneficiary in a case where the law of the land declared that the contingency has occurred which·gives her a cause of action. Such a by-law must be held to be invalid. (6 R. C. L. 754, 755.)

The action .of the court is assigned as error in overruling the objection of appellant to certain questions propounded to several witnesses, similar in purport to the following:

"Mrs. Gaffney, from what you know of your sister and the family where she was residing, your mother's condition and the condition of the family, her habits, Grace Wiley's habits relative to crossing the river at Kingston, the nature of the stream, and that the last time she was seen at Kingston was on the night of the 8th of October, 1908, what is your opinion as to whether Grace Wiley is dead or alive?"

This question is objectionable, but the permission given the witness to answer is not reversible error. The testimony sought to be elicited by this question was not properly the subject of expert opinion testimony, but it is permissible in cases of this kind to introduce testimony as to the belief of the relatives of the person who has disappeared as to whether or not such person is dead. Although in form this might be considered in the nature of a hypothetical question, calling for the opinion of the witness, in substance it merely calls for the belief of a member of the family as to whether or not Grace Wiley was dead or alive. To permit an answer to the question could not prejudice the rights of appellant. One or two of the witnesses to whom similar questions were propounded were not members of the family of the deceased, but upon the record in this case we are of the opinion that the action of the court in permitting them to answer does not constitute reversible error.

A more serious question is presented by the exception to the action of the court in sustaining the objection to the following question propounded by appellant to witness H. C. Mowery:

"I will ask you if you remember of having heard any person say that he has seen her since the 8th of October, 1908, when she was supposed to disappear?"

Respondent objected to this question upon the ground that it called for hearsay testimony. The supreme court of North Carolina, in the case of *Dowd v. Watson,* 105 N. C. 476, 18 Am. St. 920, 11 S. E. 589, held that it was error to refuse to permit a witness to state that the general report among the friends of E. M. Andrews and those who knew him before he left home was that he was in the United States army, and also that the witness had, a short time since, seen and conversed with a man in Texas, and that he was informed by him that E. M. Andrews was alive in Texas, and that he had seen him a short time before. In the course of the opinion it is said:

"We think the court erred. The presumption of death arises from the absence of a person for seven years without having been *heard from.* To rebut the presumption, it is

not necessary to produce the testimony of persons who have seen him, or to produce letters from him. It is sufficient to produce evidence which shall satisfy the jury that he has been *heard from* within seven years. Such evidence is usually and almost necessarily 'hearsay.' It may be that, if the evidence here offered had been admitted, the cross-examination would have shown it to have been mere vague rumor, and if so, unworthy of credit; but if there was such report and intelligence as to the absent man among his friends and former acquaintances, as was offered to be shown, the weight to be given it was for the jury.''

In the case of *Johnson v. Johnson,* 114 Ill. 611, 55 Am. Rep. 883, 3 N. E. 232, it is said:

''It has been repeatedly held that mere rumor that the absent party is dead or living cannot be received in evidence, either to aid or rebut the presumption of life.''

This quotation is repeated and approved in the case of *Kennedy v. Modern Woodmen,* 243 Ill. 560, 90 N. E. 1084, 28 L. R. A., N. S., 181.

Rumor is defined as ''a general public report of certain things, without any certainty as to their truth,'' and also, in 34 Cyc. 1821, as ''synonymous to hearsay.'' It is difficult to differentiate between rumor and such hearsay testimony as was offered in this case.

It is evident that the reason rumor is inadmissible in evidence is because it carries with it no guaranty of trustworthiness. Had the hearsay statement been admitted in this case, the respondent would have had no opportunity to test its accuracy and truthfulness by cross-examination. None of the other reasons for considering the statement trustworthy which lie at the foundation of the exceptions to the rule that hearsay is not evidence are present in this case. It is not a question of balancing mere hearsay testimony on the one side against hearsay on the other. In the case of *Tisdale v. Connecticut Mutual Life Ins. Co.,* 26 Iowa, 170, 96 Am. Dec. 136, it is pointed out that the presumption of death on account of an absence of seven years unheard from by persons who would have naturally received news from the absentee rests not upon the mere lack of intelligence concerning the absent one, but

rests rather upon the presumption that the absent person will act upon the motives which usually and ordinarily are found in human beings and that ties of affection arising from relationship or close friendship will lead one to communicate with members of his family or close personal friends. Therefore, it is competent and proper to rebut the presumption of death by showing special circumstances which would lead a man to act in a different manner from that in which one would ordinarily be presumed to act. Thus, it may be shown that the absent person had become estranged from his family, or that he was a fugitive from justice, or that any other fact existed which would tend to show that there was a reason why he did not communicate with his family or friends. But when an offer is made to prove specifically the declaration of one not a witness in a case who claims to have seen the absent person within the seven-year period, we do not think that it comes within the reason applying to any of the exceptions requiring the exclusion of hearsay testimony. If it had been proposed to show that the statement of the third party had been communicated to the near relatives of Grace Wiley, and that they had failed, without proper excuse, to investigate the rumor, or make due inquiry to ascertain as to its credibility, a different question would have been presented. But where such statements come to the knowledge of the relatives for the first time after the action has begun, or perhaps upon the trial of the case, they are deprived of any opportunity whatever to investigate the trustworthiness of the statement, because they cannot subject the declarant himself to cross-examination. It would be impossible to examine the witness on the stand so as to show that he is testifying to mere vague rumor.

We think, therefore, the objection to the question was properly sustained.

We have examined the other errors assigned by appellant, but find no reversible error in the record.

Judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.

Petition for rehearing denied.