# CORA E. MOONEY v. BROTHERHOOD OF RAILROAD TRAINMEN.[1]

February 20, 1925.

No. 24,434.

**Unreasonable amendment to constitution of fraternal order void—case followed.**

1. Even though the insured in a fraternal insurance order has agreed that amendments to the constitution made subsequent to the issuance of the insurance certificate shall apply to it, an amendment, adopted after the issuing of the certificate sued on, that disappearance of the insured shall not ripen into a claim for the insurance, is unreasonable and void as to such certificate. Boynton v. Modern Woodmen of America, 148 Minn. 150, 181 N. W. 327, is adhered to.

**Construction of language of certificate.**

2. The insured agreed that the certificate was to be deemed an Illinois contract and subject to its laws. This language is construed to refer to the statute law of that state and not to decisions of the court rendered after the death of the insured, refusing to apply the common law rule of presumption of death from disappearance where the constitution of the order was amended as stated.

**When judgment of sister state is not entitled to full faith in Minnesota court.**

3. A judgment rendered in a sister state is not one which must be given full faith and credit in this state under the Federal Constitution—unless it was rendered between the same parties or their privies who are parties to the action wherein such judgment is sought to be made use of.

July 24, 1925.

**Validity of by-law determined by Illinois law.**

On reargument it is *held*, following Modern Woodmen of America v. Mixer, 267 U. S. 544, 45 Sup. Ct. 389, 69 L. ed. 506, that the validity of the by-law in question must be determined by the law of Illinois.

*Headnote 1. See Mutual Benefit Insurance, 29 Cyc. p. 81.
Headnote 2. See Mutual Benefit Insurance, 29 Cyc. p. 86
Headnote 3. See Judgment, 34 C. J. p. 1135, § 1610.

[1]Reported in 202 N. W. 341, 204 N. W. 957.

Action in the district court for Hennepin county to recover $1,800. The case was tried before Bardwell, J., and a jury which returned a verdict for $1,600 with interest. Defendant's motion for judgment notwithstanding was denied. From the judgment, defendant appealed. Reversed on reargument.

*George R. Smith, Edward J. Callahan, H. Stanley Hanson, William B. Movery* and *William J. Hughes, Jr.,* for appellant.

· *H. Z. Mendow, E. J. Culhane* and *L. E. Solomon,* for respondent.

On February 20, 1925, the following opinion was filed:

HOLT, J.

Defendant, a fraternal insurance company, appeals from a judgment obtained upon its benefit insurance certificate issued to Ed. F. Mooney, payable to plaintiff, his wife, upon his death.

In his application for a certificate of insurance, Ed. F. Mooney agreed that "any beneficiary certificate based upon this application shall be held to be a contract made in the State of Illinois and subject to its laws." A certificate was issued on March 4, 1899, upon the express condition "that the said Ed. F. Mooney shall comply with the constitution, by-laws, rules and regulations, now in force or which may hereafter be adopted" by defendant. In November, 1908, plaintiff received her last letter from her husband. He then disappeared, and has since not been heard from. Defendant concedes the evidence such as to warrant the jury's finding that Mooney was dead. In 1901 the constitution was amended so that certificates were to be deemed made under and to be construed in accordance with the laws of the state in which the Grand Lodge has its headquarters. In 1913 the constitution was again amended by adding this provision: "No liability arising from the disappearance or the presumption of the death of a member arising from any such disappearance shall be incurred by the Brotherhood. Said Brotherhood shall only be liable for the payment of a death claim when there is positive proof of the actual death of a beneficiary member as previously provided in this section."

Defendant contends that the insurance contract is governed by the laws of Ohio, to which state it claimed the Grand Lodge has

been moved. We find no evidence in the record that such is the fact. But that is not important under defendant's theory of the case, for the Illinois courts follow those of Ohio holding valid and applicable to pre-existing contracts of insurance the above quoted amendment to the constitution of defendant, adopted in 1913. Steen v. Modern Woodmen, 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 406; McGovern v. The Brotherhood of Locomotive Firemen and Enginemen, 85 Oh. St. 460, 98 N. E. 1128, affirmed on authority of Tisch v. The Protected Home Circle, 72 Oh. St. 233, 74 N. E. 188.

However, we are unable to differentiate this case from Boynton v. Modern Woodmen, 148 Minn. 150, 181 N. W. 327, 17 A. L. R. 401. Both involve a fraternal insurance company. In one a subsequent amendment of the constitution and in the other of the by-laws provide that proof of death and a claim to the insurance cannot be based upon disappearance of the insured, whether the insurance was effected prior or subsequent to such change. It is immaterial whether the amendment is to the by-laws or the constitution, for the amendment of the by-laws of the company is as effective upon the contract of insurance as would be the amendment of its constitution. The only matters in the instant case not found in that of Boynton are that Mooney, in the application, agreed that the insurance contract should be deemed made in Illinois and subject to its laws, and the amendment of 1901 providing it shall be construed in accordance with the laws of the state where the Grand Lodge has its headquarters. But we think this affords no good reason for not applying the principle of the Boynton case. When Mooney was insured, there was no decision in Illinois nor until after he was dead (if we assume that the jury found he died August 1, 1916, on account of the amount of the verdict and the interest allowance from that date), from which it could be inferred that an amendment like that of 1913 would be reasonable as applied to holders of pre-existing certificates. No statute of Illinois was proved touching the question, and decisions of the courts of Illinois subsequent to the death of the insured should not be allowed to bar a recovery in a case where under the law of the forum a good cause of action exists. Moreover, we construe the words "subject to its laws" to mean the

statutes of Illinois and not to decisions of its courts thereafter to be promulgated. We adhere to the opinion expressed in the Boynton case that the 1913 amendment of defendant's constitution is unreasonable and nugatory as to insurance contracts entered prior to the amendment. It is deemed unnecessary to discuss the proposition here, the authorities being cited pro and con in that case.

But defendant contends the refusal to follow the decision of the Illinois court is to fail to give full faith and credit to the judicial proceedings of that court as required by art. 4, § 1, of the Federal Constitution. Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. ed. 1089, is cited, and Hartford Life Ins. Co. v. Ibs, 237 U. S. 662, 35 Sup. Ct. 692, 59 L. ed. 1165, may be added. In both cases the point determined was that a judgment, entered in a controversy between the insurance company and some of its members in an action brought in behalf of all members similarly situated to determine membership dues, is a judgment which must be given full faith and credit in every state in the Union in subsequent suits between a member and the company involving the same question. The judgments in the cases cited were rendered by the courts of the state where the companies were organized. This is no such case. The Illinois case cited, and which was offered in evidence, did not concern either party to the suit at bar.

The plaintiff, the beneficiary, has always resided in this state. She paid dues subsequent to Mooney's disappearance until September, 1922, when she testified the last payment was refused and returned to her. Some contention is made, though not stressed, that proofs of death have not been furnished. Defendant denied liability, under circumstances showing it knew the impossibility for plaintiff to ever furnish proof of loss otherwise than in a lawsuit by establishing disappearance for such length of time that a jury could find her husband dead. This amounted to a waiver of the proofs of death called for by the contract.

The judgment is affirmed.

On July 24, 1925, the following opinion was filed:

PER CURIAM.

Since our decision of this case, the Supreme Court of the United States has filed its opinion in Modern Woodmen of America v. Mixer, 267 U. S. 544, 45 Sup. Ct. 389, 69 L. ed. 506. The question involved is such that the rule of that court is controlling. It requires a reversal of this case and in consequence, the original opinion, so far as inconsistent with that result, is withdrawn.

The by-law sustained in the Mixer case was in purpose and effect identical in nature with that involved here and was adopted after the making of the insurance contract upon which recovery was sought. The by-law had been sustained in Illinois and it was held that the same effect must be given to it by the courts of Nebraska. In consequence, the decision of the supreme court of that state (111 Neb. 334, 197 N. W. 129, put in part upon Boynton v. Modern Woodmen, 148 Minn. 150, 181 N. W. 327), was reversed. The basis of the opinion is indicated by this quotation:

"The act of becoming a member, (of a fraternal beneficiary association), is something more than a contract,—it is entering into a complex and abiding relation,—and as marriage looks to domicil, membership looks to and must be governed by the law of the state granting the incorporation. We need not consider what other states may refuse to do, but we deem it established that they cannot attach to membership rights against the company that are refused by the law of the domicil. It does not matter that the member joined in another state."

True, the particular by-law now involved has not been confirmed by a favorable decision concerning it. It has not been the subject of a test case such as that discussed in Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. ed. 1089, L. R. A. 1916A, 771. But, for that reason alone, not to follow the rule of the supreme court would be a sacrifice of principle to technicality, and the principle of the Illinois decisions (cited in the original opinion), aided by that of Royal Arcanum v. Green and Modern Woodmen of America v. Mixer leaves us no option but to make it controlling here.

That is so because defendant is governed by an Illinois charter, which with the "laws of the state under which it was granted" is "the test and measure to be applied." As was said further by Mr. Chief Justice White in the Green case, the thing to which full faith and credit must be given is the "charter of the corporation," granted by its home state. Reference must be had "to the laws of that state to determine the powers of the corporation and the rights and duties of its members." In that connection, it will not do to ignore the "significance" of the charter and the applicable local law as declared by the supreme judicial tribunal of the domiciliary state.

Here it is clear, without any decision of the Illinois court on this particular by-law, that it would be upheld there. So we must abide by that view, and cheerfully do so.

Judgment reversed.