ELISE CUTLER v. THE MODERN SAMARITANS.[1]

June 15, 1934.

No. 29,919.

[1]Reported in 255 N. W. 824.

*Hallam & Hendricks,* for appellant.
*Leo A. Ball,* for respondent.

LORING, Justice.

In a suit upon a life insurance certificate the defendant's demurrer was overruled, and the case comes here on an appeal from the judgment subsequently entered.

Plaintiff is the wife of Edsell C. Cutler and is the beneficiary of a certificate of life insurance issued by the defendant fraternal order. April 11, 1916, Cutler, the insured, made application for membership in the order. A certificate which insured his life for $2,000 was issued to him. May 4, 1926, the insured disappeared from his home, and he has not since been heard from; no tidings have been received by the plaintiff nor anyone with whom he would be likely to communicate.

At the time this certificate was issued there was in force what is now 1 Mason Minn. St. 1927, § 3461, an act passed by the legislature in 1907, which reads as follows:

"Every certificate issued by any association  *  *  *  shall provide that the certificate, the constitution and laws of the association and the application for membership and medical examination, signed by the applicant, shall constitute the contract between the association and the member;  *  *  *  *and any changes, additions or amendments to said charter or articles of association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries and shall govern and control the contract in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application."*

The benefit certificate here involved contained provisions substantially the same as the italicized portion of the act.

In 1921 the defendant amended its by-laws so as to incorporate therein the following clause:

"Disappearance or unexplained absence of a member shall be no presumption of death until the full term of his life expectancy at the time he disappears, according to the N. F. C. or American Experience Tables of Mortality, has expired."

The full term of the insured's life expectancy has not yet expired. Plaintiff furnished proof of death to the defendant, relying on the presumption of death after an unexplained absence of seven years, and demanded payment. Defendant refused payment, and this action was commenced. Defendant interposed a demurrer to the complaint, which was overruled with leave to the defendant to answer. Defendant failed to answer, and judgment was entered in favor of plaintiff. It is the contention of the defendant that the by-law of 1921, coupled with the 1907 statute and the provisions of the policy, defeats plaintiff's right of recovery in this action since plaintiff cannot invoke the presumption of death after seven years' unexplained absence. There is no contention that time of death could not be proved by circumstantial evidence as in Sherman v. Minnesota Mut. L. Ins. Co. 191 Minn. 607, 255 N. W. 113, but in this case the complaint pleads only the presumption from seven years' absence and does not allege death except as a result of the presumption.

Plaintiff contends that the by-law has no application to the certificate in question, that the act of 1907 should be construed to incorporate only reasonable changes into certificates previously issued, and that the by-law in question is unreasonable and void as to this certificate.

Many cases involving benefit insurance certificates issued by fraternal and beneficial orders in which a provision similar to the one contained in § 3461 has been incorporated in the certificate, constitution, charter, or articles of incorporation have held that any subsequent by-laws must be reasonable; and that the enactment of a by-law similar to that adopted by defendant in 1921 is unreasonable and invalid as to certificates previously issued. Boynton v. Modern Woodmen, 148 Minn. 150, 181 N. W. 327, 328, 17 A. L. R. 401; Sam-

berg v. Knights of Modern Maccabees, 158 Mich. 568, 123 N. W. 25, 133 A. S. R. 396; Richey v. Woodmen of World, 184 Iowa, 10, 168 N. W. 276, L. R. A. 1918F, 1116; Arden v. United Artisans, 124 Or. 225, 264 P. 373; Security Benefit Assn. v. Henning, 74 Colo. 394, 222 P. 396; Gaffney v. Royal Neighbors, 31 Idaho, 549, 174 P. 1014; McCormick v. Woodmen of World, 57 Cal. App. 568, 207 P. 943.

The supreme court of Illinois in Steen v. Modern Woodmen, 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 406, held a by-law like the one enacted by defendant in 1921, pursuant to a provision in the certificate similar to § 3461, not unreasonable and therefore binding upon a member. In Modern Woodmen v. Mixer, 267 U. S. 544, 45 S. Ct. 389, 69 L. ed. 783, 41 A. L. R. 1384, the Supreme Court of the United States held that the Illinois decision was binding on the courts of Nebraska since the defendant was domiciled in Illinois and [267 U. S. 551] "membership looks to and must be governed by the law of the state granting the incorporation." Boynton v. Modern Woodmen, 148 Minn. 150, 181 N. W. 327, 17 A. L. R. 401, was overruled by Mooney v. Brotherhood of Railroad Trainmen, 162 Minn. 127, 131, 202 N. W. 341, 204 N. W. 957, on the authority of the Mixer case, since the defendants in both the Boynton and Mooney cases were domiciled in Illinois. Defendant here is organized under the laws of Minnesota, and we are therefore bound by no decisions but our own. We think this court's holding in the Boynton case sound when it said [148 Minn. 154]:

"We concur in the ruling of the learned trial court that the new by-law substantially changed the contract between the parties and is unreasonable and void," citing several cases.

In 1907, when § 3461 was incorporated in our code, this court, in Thibert v. Supreme Lodge, 78 Minn. 448, 81 N. W. 220, 224, 47 L. R. A. 136, 79 A. S. R. 412, had already laid down the rule that by-laws enacted pursuant to contract provisions similar to that section must not be unreasonable. We there said [78 Minn. 456]:

"But changes, amendments, and repeals are subject to the restrictions and limitations of the by-laws themselves, as well as

those of the charter or articles of association, and are also subject to the implied condition of being reasonable."

See also Wuerfler v. Trustees, Grand Grove, 116 Wis. 19, 92 N. W. 433, 96 A. S. R. 940; Legion of Honor v. Adams, 68 N. H. 236, 240, 44 A. 380; and note 83 A. S. R. 706, 709. In view of that rule, we believe the legislature intended that § 3461 should receive a like interpretation and should apply uniformly to all fraternal orders whether or not they have such charter provisions. There is no legislative history which indicates that the legislature intended a different meaning for the language employed than that already adopted by this and other courts. In construing a like statute the supreme court of Colorado, in Modern Woodmen v. White, 70 Colo. 207, 210, 199 P. 965, 967, 17 A. L. R. 393, said:

"The statute does not, however, validate every by-law that might be adopted. * * * So far as concerns amended by-laws, the statute contemplates only by-laws or amendments thereto that are reasonable, and does not intend to make valid any amendment which otherwise would be void on the ground of being unreasonable."

We are convinced that our statute does not authorize an unreasonable change. To do so would work gross injustice. We hold that the change sought to be effected by the by-law here under consideration was and is void as to this certificate.

The judgment is affirmed.

*STONE, Justice* (dissenting).

I dissent.