FRREDERICK WEILER, Respondent, *v.* EQUITABLE AID UNION, Appellant.

*Assessment life insurance — by-laws which materially alter the obligation of outstanding certificates are unreasonable and invalid — vested rights cannot be defeated by a by-law — ultra vires contracts of a corporation, when enforced.*

Where a mutual benefit insurance company reserves the power to make future by-laws, the reservation must be taken to mean a power to make future by-laws which shall be reasonable.

92 277
19ap 83
92 277
40ap588
92h    277
69 AD¹581
169 NY⁵ 48
92h    277
74 AD²531
74 AD⁸532

Whether the by-laws of such an association are reasonable must be determined in view of the objects and purposes of the association.

In an action brought to recover upon a benefit certificate issued by an assessment life insurance association, it appeared that the defendant had promised, in effect, that if the plaintiff was living, and was in good standing in such association eleven years from the date of the certificate, it would pay the plaintiff the sum of $400 ; that the certificate was issued in 1882 ; that in 1893 the defendant passed a by-law which, in effect, changed the terms of the certificate so that no part of the sum mentioned therein was payable unless the plaintiff became totally disabled physically, and that he should then receive only a tenth part of the $400 annually.

It appeared that in his application for insurance the plaintiff had agreed to accept the certificate " subject to such laws, rules and regulations as now exist or may hereafter be adopted by, and governing said corporation." There was nothing to show that the plaintiff had in any other manner assented to the change made in the by-law.

*Held*, that the power reserved to make by-laws embraced only reasonable by-laws, and that the by-law made by the defendant was unreasonable ;

That it struck down the certificate, and to that extent changed the objects and purposes of the corporation ;

That the right of the plaintiff to payment, upon the contingency named in the certificate, was in the nature of a vested right ;

That the by-law amounted to a repudiation of a positive contract ;

That the defendant could not set up the defense of *ultra vires ;* that where a corporation has received the benefit of a contract which has been fully executed by the party with whom it has dealt, the corporation cannot, in an action to compel performance upon its part, raise the question of its power to make the contract.

APPEAL by the defendant, the Equitable Aid Union, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 6th day of December, 1894, upon the decision of the court rendered after a trial at the Chenango Circuit before the court without a jury.

The appeal was heard upon the judgment roll, the facts having been agreed upon at the trial and appearing in the findings and decision of the court.

*Butler S. Farrington* and *John W. Church*, for the appellant.

*W. B. Leach* and *George W. Ray*, for the respondent.

MERWIN, J. :

This action is based on a certificate, called a benefit certificate or endowment life insurance policy, dated July 10, 1882, executed and

delivered by the defendant to the plaintiff, in and by which the defendant, among other things, in effect agreed that, in case the plaintiff was living and in good standing eleven years from the date thereof, it would pay to the legal payee of the certificate, conceded to be the plaintiff, the sum of $400. The plaintiff has at all times paid his dues and assessments to the defendant as they were made and levied, and has paid to the defendant the sum of $221 in assessments or premiums upon his certificate, and has in all things complied with the rules of the Union and is a member in good standing.

After the 10th of July, 1893, the plaintiff furnished the defendant with proper proofs and demanded the money, which was refused. It is found that the reason for not paying it was that, at the annual session of the Supreme Union of the defendant in March, 1893, a by-law was passed, taking effect May 1, 1893, which provided that " All persons holding valid benefit certificates that have been or may be hereafter issued to them, who shall live to the period of expectation of life as designated in section 2 of this article ' Synopsis,' and becoming totally physically disabled, shall be entitled to receive yearly a one-tenth part of the amount specified in their benefit certificate." Provision was also made for determining the fact of total physical disability. In substance the claim was that the certificate of the plaintiff was, by the by-law, changed so that no part thereof was payable unless the plaintiff became totally disabled physically, and then only a tenth part thereof yearly.

The appellant now claims that it had no power to issue the endowment policy or certificate, and that, if it had, the plaintiff is bound by the new by-law and cannot, therefore, recover as he does not claim to be entitled under that.

The charter of the defendant, as it now is, appears in the findings. It seems to have been amended since the issuing of the certificate to the plaintiff, and the charter as it was then is not in the case. It is, however, found as matter of fact that " The defendant is a foreign corporation, duly organized under the laws of the State of Pennsylvania, doing business at Columbus, in said state, duly authorized to do business in the State of New York, and capable of suing and being sued therein ; that the object and purpose of said corporation was, among other things, to do a life insurance business upon the assessment plan, establish a benefit fund, from and with which to

pay fellow-members upon their arriving to a certain age, called
'expectancy,' in accordance with certain tables adopted, one-half the
amount named in the benefit certificate held by the member,
and in the event of death the sum specified in such certificate,
not exceeding three thousand dollars." In the constitution of the
defendant which appears in the case it is stated that the defendant
was incorporated March 22, 1879, in compliance with a statute of
the Commonwealth of Pennsylvania, under date of April 29, 1874.
It has been held that where a corporation has received the benefit
of a contract which has been fully executed by the party with whom
it has dealt, it cannot in an action against it for performance upon
its part, raise the question of its power to make it. (*Whitney
Arms Co.* v. *Barlow*, 63 N. Y. 70 ; 27 Am. & Eng. Ency. of Law,
360 and cases cited.) This ground of defense is not, we think,
available to the defendant here. Nor did defendant refuse to pay
on that ground.

The main question relates to the effect to be given to the by-law
passed in March, 1893. This was passed as a substitute for the
by-law under which the policy to plaintiff was issued, and it oper-
ated to change the definite and absolute contract of defendant to
pay in case the plaintiff was alive and in good standing at the end
of eleven years, into a contract to pay only in case plaintiff was
totally disabled physically, and then only one-tenth thereof annually.
It was essentially a new contract, and one upon which the plaintiff
might never receive anything. The defendant claims that this
change though radical is binding on the plaintiff, because in his
application he agreed to accept the certificate " subject to such laws,
rules and regulations as now exist, or may hereafter be adopted by
and governing said corporation." There is no finding that plaintiff
assented to the change, other than as force may be given to the
above clause of the application.

A power reserved to make by-laws means a power to make reason-
able by-laws. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159,
183 ; Angell & Ames on Corp. § 347.) This principle applies to asso-
ciations like the defendant. (Bacon on Ben. Soc. & Life Ins. [2d ed.]
§ 85.) What by-laws are to be deemed reasonable depends on the
objects and purposes of the society. In *The People* v. *Medical
Society* (24 Barb. 570, 575) it is said the by-law must be reasonable

and adapted to the purposes of the corporation. It must be consistent with its charter. (Bacon on Ben. Soc. & Life Ins. [2d ed.] § 83.) Here the object and purpose of the corporation, as appears from the finding of facts above quoted, was among other things to do a life insurance business upon the assessment plan and give certificates payable in manner and form as that given to plaintiff. The by-law in question strikes down these certificates and to that extent changes the objects and purposes of the corporation. The right of plaintiff to payment upon the contingency named in the certificate was in the nature of a vested right. (*Goodman* v. *Jedidjah Lodge*, 67 Md. 117, 127; Bacon on Ben. Soc., etc., § 289 ; 1 Morawetz on Corp. § 496.) The plaintiff had the right to believe that the defendant would not by the adoption of a new by-law assume to change as to him the objects and purposes of the corporation, upon the basis of which he had made his contract and for ten years and upwards had performed upon his part. As to the plaintiff, the new by-law was simply a repudiation of a positive contract.

We are referred by the appellant to the case of *Hutchinson* v. *Supreme Tent.*, etc. (68 Hun, 355). In that case the question of the reasonableness of the by-law was not considered, and was not involved, as without it the plaintiff was held not to be entitled to recover at all.

In the present case the court below held that the by-law in question, "so far as the contract between the parties to this action is concerned, is an unreasonable by-law, as its effect is to infringe upon and impair the plaintiff's contract already given and rights already secured, and as to this plaintiff and his contract with defendant is illegal and void."

We are of the opinion that the trial court did not err in so holding. There is no other question that need be considered.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.