DAMASE PAIN *vs.* SOCIÉTÉ ST. JEAN BAPTISTE.

Bristol.    October 24, 1898. — January 5, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Beneficiary Association — Power to amend By-Law — Construction of By-Law.*

A beneficiary association organized under Pub. Sts. c. 115, which has reserved the power to amend its by-laws without limitation or restriction, may so amend them as to affect the right of a member to future benefits under a disability existing when the amendment is made.

A by-law of a beneficiary association, providing that every member should have a right to five dollars a week if he became disabled during a period not exceeding thirteen weeks in each year, was amended so as to provide that "when a member has received thirty-nine weeks of sick benefits . . . he shall not hereafter receive more than one dollar per week, instead of five dollars, for thirteen weeks of each year," during a period of five years. *Held,* that the amended by-law applied to a member who, at the time of its adoption, was under a disability, and had received payment of benefits for thirty-nine weeks.

CONTRACT, to recover the amount of benefits alleged to be due to the plaintiff as a member of the defendant society. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*L. E. Wood,* (*A. G. Weeks* with him,) for the plaintiff.

*H. A. Dubuque,* for the defendant.

HAMMOND, J. The defendant society is a beneficiary organization, chartered in 1884, under Pub. Sts. c. 115, and ever since its incorporation the plaintiff has been a member in good standing. In June, 1890, the plaintiff by reason of sickness became unable to work, and has so continued to the present time, and

during that time he has received benefits at the rate of five dollars per week for thirteen weeks of each year, down to July 7, 1896; and since the latter date he has received benefits at the rate of only one dollar per week·for thirteen weeks of each year. This suit is brought to recover the additional four dollars per week for a period of nine weeks.

Whether the plaintiff can recover depends upon the construction and effect of the amendment of the by-laws .which was passed on July 7, 1896. If it is applicable to him, he cannot recover, if not, he can.

The by-law of 1893, which, so far as the plaintiff is concerned, was not materially different from that of 1889, under which the plaintiff was receiving aid at the time of the amendment in question, was as follows: "Every member who shall belong to the society for twelve consecutive months, who has paid his dues, contributions, fines, or other sums assessed by vote or by-law of the society, shall have a right to five dollars per week if he becomes unable to work, in consequence of sickness or accident, during a period not exceeding thirteen weeks in each year, beginning from the date of the first application for benefits." And the amendment of July 7, 1896, was as follows: "Provided that when a member has received thirty-nine weeks of sick benefits, or one hundred ninety-five dollars, for the same or a different period of disability, then he shall not hereafter receive more than one dollar per week, instead of five dollars, for thirteen weeks of each year, if his sickness shall so long continue; and that during a period of five years, aggregating sixty-five dollars of benefits. Each year reckons from the date of the first application for benefits. If after that period of five years he is still unable to work, he is then entitled to five dollars a week for thirteen weeks of each year for three years, as at first. This partial suspension of benefits is established so as to allow as much as possible all the members to share more equitably in the disability funds."

The plaintiff concedes that the amendment was duly passed, but in his brief contends, in the first place, that "the defendant society cannot by such an amendment, under the circumstances of this case, so change its obligation to the plaintiff," because his "originally contingent right to receive benefits as stated became vested upon the happening of the contingency, i. e. his disability

to work, June 7, 1890, and from that time no act of the society, by amendment to its by-laws, could divest him of that right"; and in the second place, that even if his rights " were not vested and could be taken away by amendment of the by-laws, such amendment could have no retroactive force," and that " to hold that payments of benefits made before the adoption of the amendment can be applied to benefits accruing under the amendment will make such amendment retroactive in force, and will place the plaintiff in a worse position than the other members of the society at the time of the adoption of the amendment."

The plaintiff's contention, more briefly expressed, is that the defendant had no power to amend its by-laws so as to affect his rights to future benefits under a disability then existing, and even. if it has such power this amendment fairly construed does not affect such rights. The rights of the plaintiff are determined by the nature of the contract between him and the society., as. interpreted by the by-laws under which it was made and. in the light of the surrounding circumstances. The general purpose of the society was to give pecuniary aid to its sick or disabled, and in case of the death of a member to provide for the relief of his family. The fund for this purpose was to be raised by monthly dues, and, in case of death, by an assessment upon the survivors. Of course the amount of benefits which the society, with due regard to the interest of the sick as well as that of the other members, could properly pay depended upon many circumstances, such as the number of its members, the actual or relative number of the sick, the promptness with which dues were paid, and others of similar nature; and, as these various circumstances might and probably would change from time to time, it might be regarded, not only as prudent, but as necessary for the successful management of the society, that there should exist the power to make such corresponding changes in the by-laws as the circumstances for the time being seem to require.

The power to amend the by-laws was reserved, and there is no limit to the reservation. After certain preliminary proceedings, its by-laws could be amended at any time and in any reasonable way. All this the plaintiff well knew from the first, and he was present at the meeting of July 7, 1896, and spoke against the adoption of the amendment.

There being a power of amendment reserved, the contract between the plaintiff and the society was liable to changes with regard to future benefits to which a disabled member might be entitled, as well as in other matters, and the plaintiff had agreed that these changes duly made in compliance with the rules of the society should be binding upon him, not as a new contract, but as a part of the old contract and under its provisions.

But the plaintiff contends that there is an implied limitation to this power of amendment, that it cannot be made so as to deprive him of a vested right, and that his right to the benefit became fixed by his disability, and can never be changed during that disability. But how does the right become fixed? There is no such restriction contained in the words expressing the power of amendment. To thus restrict the power would be to divide the society into two classes, one comprising those like the plaintiff, who could not be affected by any reduction of future benefits, and the second comprising the well members, who would be affected by such reduction. And no matter how many of these preferred pensioners there might be, this society, whose right to graduate payment according to varying circumstances has been reserved so carefully, and in language so general and comprehensive, and which is so plainly necessary to the purposes for which it was incorporated, is powerless to do what might be necessary even to its own existence. There can be no right to future benefits vested in one member more than in another. The right of a sick member to future benefits which becomes vested in the plaintiff at the time of the disability is not a right to receive so long as such disability continues the future benefits provided by the by-law existing at the time the disability begins, but simply a right to receive them subject to such changes as may be made by the society, and it is no violation of such a vested right to make the changes at any time. Such a change is not a repudiation of the terms of the contract, but on the contrary is in accordance with them.

As was said in *Smith* v. *Galloway*, [1898] 1 Q. B. 71, 77, "Where . . . the original contract . . . provides for alteration of the rules, he is bound by any subsequent alteration that may be made within the power of alteration, whatever the extent of that alteration may be." Such an interpretation of the contract

seems to be in accordance with the provision for amendments, and to be the only one reasonably calculated to subserve the interests of all, and to enable the society to accomplish the objects for which it was incorporated.

We are aware that the doctrine herein enunciated is inconsistent with some decisions in other States, but we are satisfied that it is sustained by the better reasoning and the weight of authority. *Smith* v. *Galloway*, [1898] 1 Q. B. 71. *Stohr* v. *San Francisco Musical Fund Society*, 82 Cal. 557. *Poultney* v. *Bachman*, 31 Hun, 49. *Bowie* v. *Grand Lodge*, 99 Cal. 392. *Fugure* v. *Mutual Society of St. Joseph*, 46 Vt. 362. *Knights of Pythias* v. *Knight*, 117 Ind. 489 ; *S. C.* 3 L. R. A. 409, and note. *Knights of the Golden Rule* v. *Ainsworth*, 71 Ala. 436, 449. *Loeffler* v. *Modern Woodmen of America*, 100 Wis. 79. *Borgards* v. *Farmers' Ins. Co.* 79 Mich. 440. *Moore* v. *Union Fraternal Accident Association*, 103 Iowa, 424. *Carpenter* v. *Knapp*, 101 Iowa, 712. *Hughes* v. *Wisconsin Odd Fellows' Ins. Co.* 98 Wis. 292. *Catholic Knights of America* v. *Morrison*, 16 R. I. 468.

Of course no amendment. could change the amount of any benefit which under any by-law has passed from a possible to that of a future benefit and has become a debt. The right becomes vested absolutely as the time expires for which the benefit is granted.

As to the second contention of the plaintiff, it is sufficient to say that we think the by-law applies to the case of the plaintiff. The language is broad enough to cover his case. The plaintiff had received more than "thirty-nine weeks of sick benefits," and it was provided that such a person shall "not hereafter receive more than one dollar per week." We have no doubt the construction put upon the amendment by the officers of the society was the one intended and justified by the language.

*Judgment affirmed.*