· The authorities support this contention. In Gates v. Canfield, 28 Hun, 12, the question was trespass in Justice's Court, and a plea of title was interposed, the action discontinued, and a new action for the same cause commenced in Supreme Court. The printed record in that case shows that testimony was given on behalf of the plaintiff upon the trial, but not of the trespass alleged. A nonsuit was granted, and a certificate given by the trial judge that the title to real property did not come in question on the trial. Costs were taxed for plaintiff by the clerk, and the Special Term declined to set aside the taxation. Upon appeal to the General Term, the order of the Special Term was reversed, and defendant's motion for taxation of costs was granted. The court held distinctly that although testimony was given for the plaintiff, that there was no trial of an issue of fact. This case has been followed in Saunders v. Goldthrite, 41 Hun, 242, and Taylor v. Wright, 36 App. Div. 568, 55 N. Y. Supp. 761.

Any other rule would work manifest injustice. The plaintiff if not ready for trial, or doubtful of success, might conclude to give no testimony or insufficient to make a case, and, upon a nonsuit or dismissal of the complaint, recover his costs against the defendant, and at a more opportune time make another experiment. Failure to establish his cause of action in every instance might be equivalent to a victory and certainly preferable to running the risk of a verdict in a doubtful action.

As there was no question of fact involved, the general rule set forth in the section quoted applies, that the party in whose favor final judgment is rendered is entitled to costs.

Order reversed, with $10 costs and disbursements, and the motion of the plaintiff for retaxation of costs denied, with $10 costs. All concur.

○

———————

(110 App. Div. 732.)

WIEDYNSKA v. PULASKI POLISH BENEV. SOC.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

INSURANCE—MUTUAL BENEFIT INSURANCE—AMENDMENT OF CONTRACT—VALIDITY.

It is not within the power of a benevolent association to so amend its constitution and by-laws, without the consent of or notice to a member, as to reduce the sick benefits payable to the member under his contract with the association.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1855.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Magdalena Wiedynska, as administratrix of Frank Bosikowski, against the Pulaski Polish Benevolent Society. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Thomas Kelby, for appellant.

Henry J. Davenport, for respondent.

JENKS, J. Plaintiff's intestate was a member of a benevolent society. The constitution and by-laws are in the Polish language. No

translation thereof is in the record, but parts thereof were interpreted and read in evidence. It seems that the object of the society is "to pay sick and death benefits." When the intestate fell ill he was entitled, under the constitution and the by-laws, to receive during his illness certain weekly sums graded for six months, three months, and then $2 weekly during the period of illness. He fell ill on May 3, 1898, and received sick benefits until March 10, 1902; but thereafter nothing. This action is to recover the sum of the $2 weekly payments for the period intervening March 10, 1902, and his death. The defendant showed that on March 10, 1902, the constitution (?) and the by-laws were amended so as to prohibit the payment of more than $300 to any member for sick benefits, and proved that the sum theretofore paid to the intestate exceeded that amount.

It is not asserted that the intestate ever assented to this change, or that he ever had notice thereof. The appellant contends that such change was within the powers of the association, and cites two authorities, with stress upon Poultney v. Bachman, 131 Hun, 49. His contention is also sustained by the judgment in Pain v. Societé St. Jean Baptiste, 172 Mass. 319, 52 N. E. 502, 70 Am. St. Rep. 287, wherein Poultney's Case, supra, is cited. But in Parish v. New York Produce Exchange, 169 N. Y. 34, 36, 61 N. E. 977, 56 L. R. A. 149, the court, after mention of the holding in Pain's Case, supra, on the precise point now up, says that "the trend of authority in this state is, however, in the other direction." That is, that such an association cannot under power of amendment divest rights which have vested. Moreover, I think that we are committed to this view by our judgment in Bottjer v. Supreme Council, 178 App. Div. 546, 75 N. Y. Supp. 805, 79 N. Y. Supp. 684.

The judgment must be affirmed, with costs. All concur.