## Roblin *v.* Supreme Tent of the Knights of the Maccabees, Appellant.

*Beneficial associations—Death benefit—Disappearance of beneficiary—Presumption of death—Payment of dues—By-laws—Unreasonable by-laws—Retrospective—Obligation of contract.*

1. Where a member of a beneficial association pays all of his dues and assessments, and then disappears, and is not heard of thereafter, he will be presumed, after an absence of seven years, to be dead, and his wife may recover the death benefits due from the association.

2. The right of the wife in such a case is not defeated by two by-laws enacted two years after the member disappeared, one of

which provided that no benefits shall be paid until conclusive proof has been made of a member's death, "aside from any presumption that might arise by reason of his absence"; and the other provided that membership should be forfeited, if a member absconded, and did not report to the association for one year.

3. Such by-laws are unreasonable in character as affecting an outstanding certificate, and especially that of one who has been absent for two years; and this is the case although the certificate provides that the member shall be subject to future by-laws.

4. Substantial rights which rest upon contract cannot be abrogated by new by-laws, even where the power to make them has been reserved, unless the right that was changed depended on the by-laws.

5. By-laws never operate retrospectively unless the language is such as to admit of no other reasonable construction.

6. A by-law enacted in 1911, providing that no suit shall be brought for death benefits within fifteen months from the death of a member, does not apply to a certificate issued in 1902, where it appears that the member disappeared in 1904, and was not thereafter heard of, that in 1918 the orphans' court decreed a presumption of his death, that suit was brought against the association one year after such decree, and that during the period from 1909, when the presumption of death arose, to 1918, the wife of the member paid the dues and assessments, which the association never offered to return.

Argued October 18, 1920. Appeal, No. 172, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 51, on verdict for plaintiff, in case of Augusta Roblin v. Supreme Tent of the Knights of the Maccabees of the World. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for death benefits. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,220. Defendant appealed.

*Error assigned,* among others, was refusal of judgment n. o. v., quoting the record.

*A. C. Johnston,* with him *S. F. Bowser,* for appellant.
—The by-laws were proper: Chambers v. Knights of
Maccabees, 200 Pa. 244; Supreme Lodge K. of P. v. Kuts-
cher, 179 Ill. 340; Fullenwider v. Supreme Council
Royal League, 180 Ill. 621; Pain v. Societe St. Jean
Baptiste, 172 Mass. 319; Bauer v. Samson Lodge K. of
P., 102 Ind. 262; Wineland v. Knights of Maccabees,
148 Mich. 608; Ross v. Mod. Brotherhood of America,
120 Iowa 692; Schmidt v. Knights of Maccabees, 97
Wis. 528.

*R. M. Gibson,* for appellee, cited: Palmer v. Protected
Home Circle, 252 Pa. 201; Sheetz v. Protected Home
Circle, 256 Pa. 172; Hale v. Equitable Aid Union, 168
Pa. 377; Hayes v. German Beneficial Union, 35 Pa. Su-
perior Ct. 142; Becker v. Beneficial Society, 144 Pa. 232.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:
This is an action of assumpsit on a beneficial certifi-
cate. Defendant is a fraternal beneficiary association
and as such issued a certificate of membership to Wil-
liam Roblin in 1889, at Toronto, Canada, reciting, inter
alia, that "his legal beneficiary named herein is entitled
to receive one assessment on the membership, but not
exceeding in amount the sum of two thousand dollars,
and the said sum will be paid as a benefit to Augusta
Roblin his wife upon satisfactory proof of his death
together with the surrender of this certificate, provided
he shall have in every particular complied with the con-
stitution, laws, rules, and regulations of the order gov-
erning members and their beneficiaries which are now in
force, or may hereafter be adopted by the Supreme Tent,
or the Subordinate Tent to which he belongs." There-
after Roblin removed with his family to Pittsburgh,
where in 1902 he left his home and has not since been
heard of. In 1918 the Orphans' Court of Allegheny
County, after due proceedings, decreed the presumption
of his death and directed the appointment of an admin-

istrator of his estate. All dues and assessments were paid by Roblin until his disappearance, and then by his wife until after the decree of the orphans' court, when she surrendered the certificate to defendant and brought this suit for the death benefit named therein. Several matters, to which we will refer, were interposed in defense, but the trial judge directed a verdict for plaintiff and from judgment entered thereon defendant brought this appeal.

We find no error in the record. Where a man has been absent and unheard of for seven years it raises a presumption of death, on which payment of his life insurance may be demanded: Groner v. Knights of Maccabees, 265 Pa. 129. However, defendant relies upon a by-law made by it in 1904, as follows, viz: "The absence or disappearance of a member of the association from his last known place of residence for any length of time, shall not be evidence of the death of a member, and no right shall accrue under the certificate of membership to a beneficiary nor shall any benefits be paid until conclusive proof has been made of the death of the member aside from any presumption that might arise by reason of his absence." A by-law to be valid must be reasonable in character (19 R. C. L., p. 1195), but here it is not, as affecting an outstanding certificate (Samberg v. Knights of the Modern Maccabees, 158 Mich. 568), especially that of one who had already been absent for two years. True, the certificate provides that the member shall abide by by-laws thereafter enacted, and that is valid in so far as his rights depend upon by-laws; but substantial rights which rest upon the contract cannot be abrogated by new by-laws, even where the power to make them is reserved: Hale v. Equitable Aid Union, 168 Pa. 377; Palmer v. Protected Home Circle, 252 Pa. 201; Sheets v. Protected Home Circle, 256 Pa. 172; Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142; Supreme Council of American Legion of Honor v. Getz, 112 Fed. 119; Smythe v. Sup. Lodge K. of P., 198 Fed.

967. In Chambers v. Knights of Maccabees, 200 Pa. 244, the right that was changed depended upon the by-laws; therefore, that case is not in conflict with the authorities above cited. The right to rely upon the presumption of death is substantial, as it may be the only means by which a beneficiary can ever recover, and a policyholder cannot be deprived of such right by a new by-law. Again, a life may be lost on land or sea where the body can never be recovered or identified; in such case to require conclusive proof of death is a burden that cannot be imposed upon a member whose contract, as here, requires only "satisfactory proof of his death."

Defendant also relies upon another by-law, made the same year (1904), as follows, viz: "Any member who shall abscond, remove or depart from his home, or last place of residence, and remain away for a period of one year, and not report, to the record keeper of his tent, his location, with post-office address, shall thereby forfeit his membership and his certificate shall become null and void." This by-law is drawn in the future tense and manifestly cannot be applied to Roblin's case, for admittedly he had disappeared two years before its passage. By-laws never operate retroactively unless the language is such as to admit of no other reasonable construction: Knights Templars & Masons' Life Indemnity Co. v. Jarman, 104 Fed. 638; Wolpert v. Knights of Birmingham, 2 Pa. Superior Ct. 564; 19 R. C. L., p. 1214.

This contract was issued under the corporate seal of the defendant, hence, the contention that the action was barred by the statute of limitations, as the presumption of death arose in 1909, is not tenable: Pittsburgh and Connellsville Railroad Co. v. County of Allegheny, 63 Pa. 126.

Defendant also relies upon the following by-law, viz: "No action at law or in equity shall be brought or maintained on any claim arising out of any life benefit certificate or membership in the association unless such action is brought within fifteen calendar months from

the death of the member to whom such certificate was issued, nor shall such right of action accrue until the expiration of ninety days after all proofs called for shall have been received by the association." This by-law, however, is found in exhibit No. 4, which contains the laws of the order as revised and amended in July, 1911, and there is no sufficient evidence that it existed previously. As the presumption of Roblin's death arose in 1909, this by-law cannot be applied to his certificate for it would deprive plaintiff of a right of action which vested at the expiration of the seven years. A party to a contract cannot escape a fixed liability by enacting a by-law: See Becker v. Benef. Soc., 144 Pa. 232. Neither can it be applied here, as to do so would materially change the contract. Aside from that, the stipulation is that the member shall comply with amended by-laws; not that the beneficiary shall do so after his death; and such stipulations are construed strictly and in favor of the assured.

True, both parties acted on the assumption that Roblin was alive until the orphans' court decreed otherwise; for during the nine years, from 1909 to 1918, plaintiff continued to pay and defendant to receive the monthly assessments and dues, which the latter has never offered to return. The suit was brought in about one year after the orphans' court's decree; and, as defendant had treated Roblin as alive until that decree, to its own gain, it cannot now, while retaining such gain, successfully contend otherwise: See Com. ex rel. v. Provident Life Assn., 163 Pa. 374; Home Mutual Life Association of Pa. v. Riel, 1 Mona. 615; United Brethren Mut. Aid Soc. v. Schwartz, 10 Sadler 242; New York Life Ins. Co. v. Baker, 83 Fed. 647. This is another reason why the action is not barred.

The assignments of error are overruled and the judgment is affirmed.