Anderson, Appellant, *v.* Protected Home Circle.

Argued April 24, 1929. Before TREX-
LER, KELLER, GAWTHROP, CUNNINGHAM and BALDRIGE,
JJ.

*W. M. Ewing,* for appellant.—Substantial rights of
a beneficiary cannot be abrogated by new by-laws:

Roblin v. Knights of Maccabees, 269 Pa. 139; Palmer v. Protected Home Circle, 252 Pa. 201.

*Jos. Langfitt, Jr.,* of *Langfitt and Langfitt,* and *F. A. Service,* for appellee.—By-laws of an insurance carrier bind the member and those claiming under him: Supreme Lodge v. Smyth, 245 U. S. 594; Hartford Life Insurance Co. v. Barber, 245 U. S. 146.

OPINION BY CUNNINGHAM, J., July 2, 1929:

This was an action of assumpsit to recover on a benefit certificate for $1,000 issued by defendant on the life of Allen D. Anderson. The trial judge refused defendant's point for binding instructions and directed a verdict for plaintiff; subsequently, defendant's motion for judgment in its favor n. o. v. was granted and plaintiff has appealed.

The undisputed facts are as follows: In December, 1892, plaintiff's husband, Allen D. Anderson, applied for a benefit membership in defendant association, naming his wife as beneficiary. He received a certificate of membership. On November 24, 1903, he disappeared and has not been seen or heard from since. Plaintiff, upon the advice of counsel and the officers of the local organization of defendant association, continued to pay the premiums until October, 1925. On April 27, 1925, the orphans' court of Washington County, on the petition of plaintiff, entered a decree that a presumption of the death of Allen D. Anderson arose on November 24, 1910, seven years after his disappearance. Proof of the "death" was presented to defendant in October, 1925, but payment of the benefit was refused. This action followed.

The defense was based entirely upon a by-law of the association, adopted in 1907, after Anderson had disappeared, but before the presumption of his death arose. That by-law reads as follows: "Section 18.

Limitations Upon Rights of Action. Proof of death must be filed with the supreme secretary within six months from date of death, and no action on any death claim shall be good as against the association unless legal proceedings for the recovery of said claim shall be commenced within one year after date of death, and all claims that might have been made shall be regarded as abandoned at the end of one year after the date of death unless said proceedings have been commenced." It is clear that under our law Anderson is presumed to have died on November 24, 1910, (Whiteside's Appeal, 23 Pa. 114; Schoneman's Appeal, 174 Pa. 1), and it is equally clear that no proof of death was filed within one year thereafter. If, therefore, plaintiff is bound by the by-law, and there are no special circumstances rendering it inapplicable to this case, the defense would seem to be a complete bar to the cause of action. We may say in passing that we are not entirely satisfied that the by-law was intended to cover cases of disappearance. A presumption of death is not the same thing as an actual death; there was nothing to emphasize the time of the "death" in the mind of the beneficiary unless the arbitrary rule of law was called to her attention. Assuming, however, that the by-law does apply to disappearances as well as deaths, we must conclude that since it cannot be said to be retroactive, or in any way unreasonable, this point would seem to be ruled by Chambers v. Knights of Maccabees, 200 Pa. 244.

Are there any special circumstances which take the present case out of the rules above stated? It is admitted that plaintiff continued the payment of all premiums due on the policy until October, 1925; these payments were made partly upon the advice of officers of the local organization of defendant association. This would seem to bring the case directly within the lan-

guage of the court in Roblin v. Knights of the Macca-
bees, 269 Pa. 139, where it was said that "as defend-
ant had treated [the certificate holder] as alive until
[the] decree [that the presumption of death arose], to
its own gain, it cannot now, while retaining such gain,
successfully contend otherwise. . ... .... This is another
reason why the action is not barred." In the present
case defendant has made no offer to return the
premiums paid by plaintiff since the disappearance of
her husband. Both parties apparently assumed that
Anderson was alive until the date of the decree. We
feel that the case is one which should be decided in ac-
cordance with the rule just quoted and are therefore
constrained to reverse the judgment.

Judgment reversed and here entered in favor of
plaintiff upon the verdict.