## MIKE DOTLICH v. SLOVENE NATIONAL BENEFIT SOCIETY.[1]

January 10, 1930.

No. 27,539.

[1]Reported in 228 N. W. 608.

152

*Washburn, Bailey & Mitchell, James G. Nye* and *Egbert Robertson,* for appellant.

*Gannon & Strizich,* for respondent.

HILTON, J.

Appeal by defendant from a judgment against it. At the close of plaintiff's case, by stipulation of counsel, the jury was dismissed and the trial proceeded as a court case.

Defendant, Slovene National Benefit Society, is a fraternal insurance society organized under the laws of the state of Illinois and authorized to do business through subordinate lodges in the state of Minnesota. On February 18, 1925, plaintiff became a member of the society and was such member in good standing at the time of the commencement and trial of this action. As such mem-

ber he was entitled to all benefits, rights, and privileges accruing therefrom, including sick benefits.

At the time plaintiff became such member the following by-law, governing the payment of sick benefits to members, was in force and effect: "No sick benefit shall be paid for the first three days of any disease or injury. The rate of sick benefit shall be $1.00, $2.00, $3.00, $4.00, and $5.00 a day for a period of six months, and fifty cents, $1.00, $1.50, $2.00, and $2.50 a day for the succeeding period of sickness or injury until the member is declared by the physician to be able to work." This by-law was amended in December, 1925 (effective January 1, 1926) in some particulars, but the amendment also provided that the member should receive benefits "until able to work." It was under the by-law last referred to that plaintiff was paid benefits. Neither plaintiff nor defendant questioned the amount or validity of the benefit payments as they were made. Under both of these by-laws, if disability continued and plaintiff remained unable to work, he could draw benefits as long as he lived.

On June 14, 1927, defendant enacted a new by-law by which the one last named was amended in such a way as to deprive plaintiff, regardless of his condition, of any compensation after June 30, 1927, the change becoming effective as of July 1, 1927. This amendment fixed the maximum sick benefit that a member in plaintiff's class could receive at $315; he had already received more than that amount. Plaintiff became sick and disabled on December 28, 1925, and so remained until the day of the trial. Following plaintiff's sickness and disability, the defendant paid him monthly sick benefits and continued so to do up to and including June 30, 1927, when it declined and refused to make further payments for a reason hereinafter stated.

Had it not been for this change in the by-laws, plaintiff would have been entitled to receive and would have received payment of the benefits as formerly. All the provisions of defendant's constitution and by-laws were complied with by plaintiff, including the provision relative to proofs, as well as the making of complaint to

the local lodge, appeal to the various branches, officials and committees as therein provided. Notwithstanding the foregoing, defendant in answer to a communication from plaintiff advised that he was not entitled to additional compensation, and formally refused to pay the same on the sole ground that under the amended by-laws as amended in June, 1927, the plaintiff was not entitled to any additional benefits. Within a proper time after such refusal by defendant plaintiff instituted the present action, which was not barred by the statute of limitations or any limitations contained in his contract of insurance.

In the foregoing are found in brief the findings of the trial court necessary for consideration here. The conclusions of law follow that the plaintiff was entitled to a decree and judgment ·that the last amendment to the by-laws was unreasonable and void as to plaintiff, and that plaintiff was entitled to recover the amount therein stated, together with his costs and disbursements. Judgment was entered accordingly.

From a careful examination of the record we reach the conclusion that the findings of fact are sufficiently supported by the evidence and that the conclusions of law are proper.

■ One of the contentions of defendant is that plaintiff was not incapacitated; that he was and had been feigning. For years it had paid benefits to him without questioning the disability. The court in its memorandum stated:

"Plaintiff's appearance and Doctor Butchart's testimony satisfied me that the plaintiff is incapacitated. I don't think he is feigning. The exact cause of his illness is immaterial."

There was here a disputed question of fact. We find no reason for disturbing the court's findings in this regard and will not refer in detail to the evidence. Having declined to pay additional benefits, placing such declination on the sole ground that no further benefits were due him because of the amended by-law, it is likely that defendant waived any other defenses that it might have had to plaintiff's claim. Black v. Central Business Men's Assn. 162 Minn. 265, 202 N. W. 823, and cases cited.

■ A further claim of defendant was that the necessary appeals as provided by the contract of insurance were not taken. Under the facts as found by the court, had there been any such omissions, they were either prevented by the action of defendant or had been waived. As to this claim also we need make no detailed recitation. The by-laws provided that no suit should be commenced more than nine months after a cause of action accrued. Under the circumstances here there was no violation of this limitation. Bratley v. Brotherhood of A. Y. 159 Minn. 14, 198 N. W. 128.

■ The important question and the one which must be determined is whether the defendant might lawfully, by amending its by-laws, preclude this plaintiff from receiving a continuance of the benefits which he was legally enjoying at the time of its adoption and would enjoy indefinitely (if such disability continued) except for the amended by-law.

The membership certificate which plaintiff received contained the following provisions:

"It is agreed by the member holding this certificate that the certificate, the charter or articles of incorporation, the by-laws of the society, and the application for membership, and medical examination, signed by the applicant, with all amendments to each thereof, shall constitute the agreement between the society and the member; and any changes, additions or amendments to said charter or articles of incorporation and by-laws of the society enacted subsequent to the issuance of this certificate shall be binding upon the member and his beneficiary or beneficiaries and shall govern and control the agreement in all respects in the same manner as if such changes, additions, or amendments had been made prior to and were in force at the time of the application for membership."

Does this permit an amendment of the by-laws such as is here involved and which entirely stops and cuts off plaintiff from receiving benefits which he would have received if the by-law had not been adopted? We think not.

■ Defendant claims that as it is an Illinois corporation doing business in this state the laws of Illinois must control in construing

its by-laws. The law of Illinois was not pleaded nor is there anything in the record showing what such law is. That law is not in the case. The fact that it was discussed orally and in the court's memorandum does not affect the situation. Christ v. C. & N. W. Ry. Co. 176 Minn. 592, 224 N. W. 247; 3 Dunnell, Minn. Dig. (2 ed.) § 3786. However if the Illinois law and decisions are to be considered, we believe that in that state a by-law such as is here involved, under the facts in this case, would not be held valid. Reynolds v. North American Union, 204 Ill. App. 316. (Writ of certiorari to the supreme court denied.) We can find no Illinois case that indicates otherwise. The Illinois cases cited by defendant do not support its contention, and each can be readily distinguished on its facts from the case at bar.

Amendments of by-laws adopted before the death of insured or before disability occurs are in most states placed in an entirely different category from unreasonable amendments such as this one was, adopted after the happening of one or the other of such events. We do not think the defendant could legally under the circumstances in this case amend its by-laws so as to deprive the plaintiff of the benefits claimed. For Minnesota decisions see: Thibert v. Supreme Lodge K. of H. 78 Minn. 448, 81 N. W. 220, 47 L. R. A. 136, 79 A. S. R. 412; Tebo v. Supreme Council, 89 Minn. 3, 93 N. W. 513; Boynton v. M. W. of A. 148 Minn. 150, 181 N. W. 327, 17 A. L. R. 401; Mooney v. Brotherhood of R. T. 162 Minn. 127, 202 N. W. 341, 204 N. W. 957.

Other jurisdictions: Knights Templars & M. Life Ind. Co. v. Jarman (C. C. A.) 104 F. 638; Id. 187 U. S. 197, 23 S. Ct. 108, 47 L. ed. 139; Starling v. Supreme Council, 108 Mich. 440, 66 N. W. 340, 62 A. S. R. 709; Wuerfler v. Trustees of Grand Grove, 116 Wis. 19, 92 N. W. 433, 96 A. S. R. 940; Richey v. Sovereign Camp W. of W. 184 Iowa, 10, 168 N. W. 276, L. R. A. 1918F, 1116; Modern Woodmen of America v. White, 70 Colo. 207, 199 P. 965, 17 A. L. R. 393; Roblin v. Supreme Tent of K. M. 269 Pa. 139, 112 A. 70; Linneweber v. Supreme Council, 30 Cal. App. 315, 158 P. 229; Gaut v. American Legion of Honor, 107 Tenn. 603, 64 S. W. 1070,

55 L. R. A. 465; Wright v. Knights of Maccabees, 196 N. Y. 391, 89 N. E. 1078, 31 L.R.A.(N.S.) 423, 134 A. S. R. 838; Becker v. Berlin Ben. Soc. 144 Pa. 232, 22 A. 699, 27 A. S. R. 624; O'Neill v. Supreme Council, 70 N. J. L. 410, 57 A. 463, 1 Ann. Cas. 422; Weiler v. Equitable Aid Union, 92 Hun, 277, 36 N. Y. S. 734; Beach v. Supreme Tent of K. M. 74 App. Div. 527, 77 N. Y. S. 770 (affirmed in 177 N. Y. 100, 69 N. E. 281).

The amendment here under consideration was not a reasonable one and could not deprive plaintiff of his rights. In Massachusetts the holding seems contrary to the conclusions we have reached. Pain v. Societe, 172 Mass. 319, 52 N. E. 502, 70 A. S. R. 287.

Defendant calls attention to the fact that in the case of Fullenwider v. Supreme Council, 180 Ill. 621, 54 N. E. 485, 72 A. S. R. 239 (involving a by-law amendment raising the rate of assessments) the case of Stohr v. San Francisco M. F. Soc. 82 Cal. 557, 22 P. 1125, is cited. It is suggested that this indicates an approval by the Illinois court of all statements in the California case. The reasoning in the Stohr case is adopted by the Massachusetts case; it is however to be noted that in the former there is an indication that the ruling might be different in a case where the benefit payments were to be of definite duration. In the case at bar there was such definiteness; the payments were to be made until the insured was able to work. Then too the mere citing of the California case by the Illinois court on the general proposition of the right to amend bylaws and the force and effect to be given amendments does not mean approval by it of everything stated in the opinion. Richey v. Sovereign Camp W. of W. 184 Iowa, 10, 168 N. W. 276, L. R. A. 1918F, 1116.

■ The assignments of error relative to the sustaining of plaintiff's objection to certain proffered evidence do not call for a reversal. Defendant offered to prove the condition of its sick benefit fund for the purpose of showing the necessity of making a reduction in benefits to be paid. Such necessity was not pleaded. It was not error to exclude such proof in this case, though that proof might be admissible in a proper case that involved one whose status was other than plaintiff's.

We do not find it necessary to consider cases holding that an insurance society, such as defendant, may under proper conditions raise its assessments, change beneficiaries, or change the common law rule as to presumption of death after disappearance of assured. Those are matters beside the question here. Nor need we consider the effect of the change of the by-laws here made as affecting those who were not then receiving benefits under the old by-law. We confine ourselves to the situation presented in this case without suggestion as to what the holding might be under different conditions.

We have with care taken into account all the assignments of error and have given full consideration to and have been greatly aided by the able arguments, both oral and written. We do not find it necessary to make further comment.

. Judgment affirmed.

STONE, J. concurs in the result.

