Benjamin P. Grant
vs.
Providence Permanent Firemen's Relief Association

No. 73564.

May 2, 1930.

BAKER, J. This is an action at law to recover money, heard jury trial waived, the facts being agreed.

It appears that the plaintiff became a member of the Providence Fire Department and of the defendant Association in 1892. All dues and assessments were paid by him. In 1912 he was seriously injured in the line of his duty and became totally and permanently incapacitated, and in 1913 he was retired as a fireman. Between 1912 and '13 he received from the defendant Association $2 per day, according to the provisions of its constitution then in force. (See Plaintiff's Exhibit A.) After his retirement the plaintiff was paid $1 a day, according to the terms of said constitution. In April, 1922, the constitution of the defendant Association was legally and properly amended by providing that no benefit should be paid for any disability which did not prevent the member from doing some kind of remunerative work. (See Plaintiff's Exhibit B.) On August 1, 1923, the defendant Association ceased all payments to the plaintiff.

It is agreed that the plaintiff's injuries do not prevent his doing remunerative work and that he was able to do such work from the time of the passage of said amendment up to the date of the issuance of the writ in this case.

The plaintiff claims that he has a vested right to receive disability benefits and that this right cannot be altered or taken from him by amendments, in their nature retro-active, passed after his rights became fixed.

The defendant urges that the plaintiff has no vested rights and that he is subject at all times to the constitution and by-laws of the defendant Association.

It should be noted that during all the time that the plaintiff was a member of the defendant Association its constitution contained provisions relating to its amendment. Further, it nowhere appears in the constitution in direct language that a member's sick or disability benefits should not be altered or diminished while said member is sick or disabled.

The question raised is chiefly one of law and the decisions of the courts are not entirely uniform. After careful consideration, however, the Court is of opinion that the weight of authority supports the defendant's contention. The case of *Pain* vs. *Societe St. Jean Baptiste*, 172 Mass. 319, appears to be practically on all fours with the case

at bar. It was there held that a plaintiff did not have vested rights in benefits and that such rights are determined by the nature of the contract between him and the society as interpreted by the by-laws and in the light of surrounding circumstances.

See also *Stohr* vs. *Musical Fund Society*, 82 Cal. 557;
*Supreme Council &c.* vs. *Morrison et al.*, 16 R. I. 468.

While the latter case is not directly in point, nevertheless the reasoning of the opinion seems somewhat analogous. In that case it was held that a beneficiary in a certain insurance certificate had no vested interest in the certificate and that a change in the benficiary was valid, having been made in accordance with the by-laws in effect when the change was made.

The plaintiff has called to the Court's attention several cases, in particular the case of *Hayes* vs. *German Beneficial Union*, 35 Pa. Super. Court 142, and *Newhall* vs. *American Legion &c.* 191 Mass. 111. He argues that the last mentioned case overrules the case of *Pain* vs. *Societe &c.*, *supra*.

The Court cannot agree with this contention. The previous case is carefully distinguished in the Newhall case, which action was brought on a certificate of membership, obviously almost in the nature of a policy, while the Court points out that in the Pain case the rights of the plaintiff depend on the by-laws of the organization.

In the Newhall case, the Court in substance says that the rights of the plaintiff do not stand upon the by-laws alone but upon an express contract, referring to the certificate in question. In the case at bar the plaintiff makes no claim upon any certificate or policy but merely upon his rights under the constitution.

An examination of most of the cases cited by the plaintiff and cases in which a recovery had been allowed will reveal that in practically all of them the suit is brought upon some express written agreement, such as a certificate. This was the situation in the case of *Hayes* vs. *German Beneficial Union*, *supra*.

Other cases in Pennsylvania. namely:

*Suckling* vs. *Order of Protection &c.*, 35 Pa. Superior Court 199, and
*Chambers* vs. *Supreme Tent of the Maccabees &c.* 200 Pa. 244,

raise some doubt as to the scope of the decision in *Hayes* vs. *German Beneficial Union*, *supra*.

In the judgment of the Court the plaintiff in this case has not shown that he has any vested rights in the disability benefits in question, having no express certificate setting out his contract with the defendant Association. His rights are determined by the constitution and by its terms the defendant had the right to change the nature of the benefits from time to time as circumstances might require, there being at all times a provision in the constitution relating to its amendment.

Decision for the defendant.

For plaintiff: Malcolm Champlin.

For defendant: Swan, Keeney & Smith.