BENJAMIN P. GRANT *vs.* PROVIDENCE PERMANENT FIREMEN'S RELIEF ASSOCIATION.

MARCH 24, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ

SWEENEY, J. This is an action by a member of the defendant association to recover disability benefits. After trial by a justice of the Superior Court decision was rendered for the defendant. Plaintiff has brought the case to this court by his bill of exceptions, the exception being that the decision is against the law.

The facts are undisputed. Plaintiff became a member of the fire department of the city of Providence in 1892. In 1912, while in the performance of his duties, he was so

severely injured as to become permanently and totally incapacitated from performing his duties as a fireman. For this reason, in 1913 he was retired by the city and became entitled to a pension.

When plaintiff became a fireman he joined the defendant association and, at the time he was injured, was a member in good standing. Defendant, as required by its constitution, paid plaintiff $2.00 per day from the day he was injured until he was retired on a pension, and thereafter $1.00 per day until April 24, 1922, when the article in its constitution creating benefits for sickness or injury was amended by adding thereto a clause providing that no member should receive benefits "for any disability which does not prevent him from doing some kind of remunerative work." Defendant then ceased its payments to plaintiff and he brought this action to recover $1,552, the amount he alleges to be due him up to August 21, 1927.

Plaintiff admits that the amendment was duly passed. He also admits that his injury did not prevent him from doing some kind of remunerative work after the passage of the amendment. He contends that after his right to a benefit had accrued by reason of his injury, the defendant could not extinguish his right by amending its constitution. This contention cannot be sustained.

Plaintiff had no express or implied contract with defendant. His rights rest upon its constitution. Defendant's right to amend or repeal any of the provisions of its constitution was expressly reserved. The article creating benefits for injured members contains no clause prohibiting its amendment, modification or repeal. Defendant never agreed that its constitution would not be modified so as to change the conditions under which payment of benefits would be made. Defendant was organized for the purpose of aiding sick and disabled members. If a disabled member recovered and resumed remunerative work, the reason for aiding him ceased. The amendment was necessitated to avoid paying benefits when they were no longer needed.

There is no suggestion that the amendment was not reasonably necessary in order to conserve the funds of defendant and enable it to carry out the beneficent purpose for which it was incorporated.

Many cases have been cited by the parties in support of their respective contentions. We deem it unnecessary to consider the cases at length. A case supporting defendant's contention is that of *Pain* v. *Société St. Jean Baptiste,* 172 Mass. 319, wherein it was held that a beneficiary association, which had reserved the power to amend its by-laws without limitation or restriction, might so amend them as to affect the right of a member to future benefits under a disability existing when the amendment was made. See also *Reynolds* v. *Royal Arcanum,* 192 Mass. 150: Several of the cases cited by plaintiff show a futile attempt on the part of a defendant to change its contractual liability with a certificate or policy holder by amending its by-laws. After examining the cases we are satisfied that the better reason, as well as the weight of authority, supports the validity of the amendment.

Plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*James Harris, Malcolm D. Champlin, John C. Knowles,* for plaintiff.

*William A. Needham, Baker & Spicer, Albert A. Baker,* for defendant.