CACIC, RESPONDENT, *v.* SLOVENSKA NARODNA PODPORNA JEDNOTA (SLOVENIC NATIONAL BENEFIT SOCIETY) ET AL., APPELLANTS.

(No. 7,489.)

(Submitted February 8, 1936. Decided April 1, 1936. Opinion on Motion for Rehearing filed June 2, 1936.)

[59 Pac. (2d) 910.]

*Mr. J. P. Emigh,* for Appellants, submitted a brief and argued the cause orally.

*Mr. H. L. Maury, Mr. A. G. Shone* and *Mr. W. E. Coyle,* for Respondent, submitted a brief; *Mr. Shone* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

On consideration of plaintiff's motion for a rehearing, the opinion herein promulgated on April 1, 1936, is withdrawn and the following opinion substituted therefor:

This action was brought to recover upon a contract of insurance by one of the members of a fraternal insurance society. The complaint was in two counts; both causes of action arose from the same accidental injury suffered by the plaintiff while working in a mine. By the first cause of action it was sought to recover the sum of $500 on account of the paralysis of plaintiff's leg resulting from the injury. On the second cause of action he sought to recover certain disability benefits resulting from his inability to work as a result of the same injury.

The defendant society asserted by its answer that the plaintiff was barred from recovering on both causes of action by reason of his failure to pursue the remedy within the society itself and its governing bodies, as provided by its by-laws; furthermore, that under the by-laws plaintiff was entitled to no recovery on account of the paralysis of his leg; and that as to his disability benefits by reason of certain amendments to the by-laws occurring after his injury, he had been fully compensated on account of such benefits. A trial was had before the court sitting with a jury and a verdict returned in favor of the plaintiff on both causes of action. Judgment was entered in accordance with the verdict. A motion for new trial was made, heard, and denied. The appeal is from the judgment.

Defendant has made numerous specifications of error, many of which relate to the same fundamental question or questions

necessary to a decision of this court. The questions which are raised in various ways by the specifications of error may be enumerated as follows: (1) The validity of the provisions of the by-laws making it a condition precedent to the maintenance of an action in court that the member must exhaust all the remedies provided by the by-laws within the society and its governing body; (2) whether under the facts of the case and the by-laws providing for benefits in the event of paralysis of a leg, plaintiff was entitled to recover for such paralysis; (3) whether, under the by-laws, the plaintiff might recover as the result of the one injury a benefit for the paralysis of his leg in a lump sum, and likewise in addition recover weekly disability benefits in accordance with the provisions of the by-laws providing for such disability benefits; (4) whether, under the by-laws providing that in order to recover disability benefits the member must be incapable of performing any kind of work, as applied to the facts in this case, the plaintiff was entitled to recover for such disability benefits; and (5) whether, by amendment to the by-laws after plaintiff had sustained the injury resulting in his disability, the amount of the benefits he was entitled to under the by-laws existing at the time of the injury could be diminished as the result of these subsequent amendments. We shall discuss these questions in the order named.

The by-laws provide for an elaborate procedure to be followed by a member who claims to be entitled to benefits as a condition precedent to his maintaining an action in the courts—a procedure before the branch trial committee, the supreme judicial committee, and the supreme board and referendum or convention. These provisions were in the by-laws when the plaintiff became a member, and it is argued that they became a part of his contract of insurance. Section 7558, Revised Codes 1921, provides: "Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals, or which limits the time within

which he may thus enforce his rights, is void." Under this statutory provision, the provisions of the by-laws referred to are invalid, and accordingly they afford the defendant no defense to this action, although admittedly the plaintiff had not pursued all of these remedies.

Passing now to the second question: One of the by-laws of ▮▮▮▮ the society in force on November 25, 1931, the date when plaintiff sustained the injury, provides: "For the loss of one arm, one hand up to the wrist, or four fingers close to the palm, or one leg, or one foot up to the ankle, or for paralysis of these limbs, or for the loss of one eye, the sum of $500.00 for paralysis affecting the member to 60 per cent. disability of the above-mentioned limbs or for the loss of eye-sight the Society shall not pay disability benefits. For paralysis or the loss from 60 per cent. to 99 per cent. of the above mentioned limbs the Society shall pay half disability benefits; and for the total loss of the mentioned limbs it shall pay as provided above."

The testimony discloses beyond question that the sensory nerves of the leg of plaintiff are wholly and totally paralyzed. It likewise reveals that the motor nerves of the leg are partly paralyzed. Though we make here no review of the testimony, the record establishes that the paralysis of the motor nerves of the leg was less than 99 per cent. The testimony discloses that as the result of the paralysis of plaintiff's leg he is unable to perform any work for which he had the mental and physical capacity prior to his injury.

It is a well-known fact that paralysis of a limb may affect only the sensory nerve or the motor nerve; sometimes it affects both nerves. The by-law is ambiguous in that it does not assume to specify as to which type of paralysis it applies. The ambiguity is of the insurance society's own making, and it therefore should be construed against it, since the general rule is that a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. (*Libby Lumber Co.* v. *Pacific States Fire Ins. Co.*, 79 Mont. 166, 255 Pac. 340, 60 A. L. R. 1; *Park Saddle Horse Co.* v. *Royal In-*

*demnity Co.,* 81 Mont. 99, 261 Pac. 880; *Montana Auto Finance Corp.* v. *British & Federal etc. Society,* 72 Mont. 69, 232 Pac. 198, 36 A. L. R. 1495.) If the construction of the by-law is adopted that a more than 99 per cent. paralysis of a member is a paralysis either of the sensory or motor nerve so disabling the insured that he is unable to work at his occupation or similar occupations for which he was mentally and physically equipped, the evidence is sufficient to support the verdict of the jury. We conclude that the judgment should be affirmed as to the $500 recovered on account of the paralysis of plaintiff's leg.

Giving consideration now to the third question: It is the contention of the defendant society that, under the by-laws, if a member recovered a benefit for the paralysis of a leg, he was not entitled to ·recover for disability benefits in addition thereto. This contention is based upon a section of the by-laws which provides as follows: ''Sec. 4. All disability benefits shall be paid from the disability fund of the Society. Any member receiving any amount of disability may retain his membership in the Society, but he must continue to pay all assessments in all the funds of the Society, and provided that such member shall have no further claim for any benefit for disabled limb or limbs for which the disability and sick benefits have been received by him, nor for consequences resulting from such disability.'' The section of the by-laws with reference to the recovery for sickness or disability which was in effect at the time of the injury provides that ''members who on account of sickness or injury are declared by a physician to be unable to work,'' and who comply with the by-laws, are entitled to benefits as provided therein. There is no provision in the by-laws limiting plaintiff either to the recovery under the by-law for the paralysis of the leg, or to the disability benefits mentioned in the last above-quoted by-law, unless section 4, above, so declares. Section 4 relates to the status of one who continues his membership in the society after he has been paid in full settlement for his disability; and as a pro-

viso it is added that after he has once been so paid, he shall not be entitled to further benefits as to a sickness resulting from the disability for which he has been paid. In other words, the proviso only becomes operative when the society has fully paid and compensated its member for some disability theretofore suffered. Here plaintiff has never been fully paid in accordance with the rules of the society, for his injury and disability, and hence the proviso on which the defendant relies never became applicable.

A similar situation arose in the case of *Hart* v. *Accident Association,* 105 Iowa, 717, 75 N. W. 508, 511, where the court said: ''The appellant contends that, if the plaintiff is entitled to recover for the loss of his foot, he is not also entitled to recover for weekly benefits. The certificate provides, in terms, for the payment of weekly benefits and for the loss of a foot in certain contingencies. We do not find anything in the certificate, or in the articles of incorporation or by-laws, which justifies the conclusion that a member might not recover for the loss of a foot and for the loss of time caused by the same injury.'' (Cf. *Anderson* v. *Aetna Life Co.,* 75 N. H. 375, 74 Atl. 1051, 28 L. R. A. (n. s.) 730.)

We are of the opinion that unless plaintiff is prevented by the provisions of some other by-law, which we will presently notice, he is entitled to recover the amount provided for as a benefit for the paralysis, and also the benefits provided for the disability as the result of the paralysis.

Next it is contended that plaintiff under the by-laws of the ▮ society was not entitled to recover disability benefits unless he could perform no work whatever. One of the by-laws provides that in order to recover disability benefits, the member must be incapable of performing any kind of work. The record discloses that the plaintiff might be able to do such work as sweeping a sidewalk, or some particular kind of work which he might perform while sitting down. He was by occupation a miner, and it does appear from the record that he is unable to perform any work for which he is mentally

and physically equipped. Such a provision includes one who is disabled from engaging in his usual occupation and performing any work for which, under all the circumstances, he is reasonably fitted. In order to recover disability benefits, it is not required that one be incapable of performing any mental or physical task. (Notes in 79 A. L. R. 862, and 98 A. L. R. 798.)

Lastly, the defendant argues that by reason of the amendment of the by-laws adopted some twenty months after his injury he was not entitled to recover any disability benefits, as he had been paid all to which he was entitled under this amended by-law. It appears from the record that plaintiff has been paid certain benefits by the society, and, if certain by-laws which were. adopted by amendment subsequent to his injury may be said to be controlling, the amount paid to him was all he was entitled to receive under the amendatory by-laws. Plaintiff contended on the trial that the by-laws which applied were those in effect at the time of his injury. The contention of the defendants was that the by-laws which were in force at the time of the trial applied. The trial court took the view, and so instructed the jury which so found in accordance with the court's instructions, that plaintiff was entitled to recover disability benefits under the by-laws in existence at the time of his injury up to and including the date of the amendment, and that after the date of the amendment he could recover in accordance with the by-laws as amended. The instructions of the court were in accordance with the rule announced in the cases of *Pain* v. *Societe St. Jean Baptiste,* 172 Mass. 319, 52 N. E. 502, 70 Am. St. Rep. 287, and *Stohr* v. *Musical Society,* 82 Cal. 557, 22 Pac. 1125. Many courts adhere to a rule in conformity with plaintiff's contention, as is illustrated by the decision in the case of *Dotlich* v. *Slovene National Benefit Society,* 179 Minn. 151, .228 N. W. 608. We have found no case which supports defendants' contention. The trial court adopted the rule most favorable to the defendants, and plaintiff is not complaining here

of the rejection of his theory on this question. The instructions of the court, having been given without objection on the part of the plaintiff, became the law of the case.

We find no error in the record.

The judgment is affirmed and remittitur ordered issued forthwith on the filing of this opinion.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.